LOUIS MEYER AND OTHERS *vs.* ANGELO C. BURRITT AND OTHERS.

New Haven & Fairfield Cos., June T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, JS.

By 9 Private Acts, 215, the tax collector of the town of Waterbury is made *ex officio* collector of taxes for the city of Waterbury and the Center School District, and after paying the taxes on his rate bills to the communities to which they are due, can, by a suit in his own name, foreclose the tax liens held by them against the tax-payer; but he cannot maintain such a suit before he has paid such taxes to the communities.

But where, after suit brought, the collector paid to the communities the taxes due from the tax-payer, it was held that the court could properly, under the practice act, admit the communities as parties plaintiff.

So far as the tax-payer was concerned the taxes remained unpaid. The lien still existed and could be foreclosed by the communities in their own name for the benefit of the tax collector.

The special provision with regard to the collector of taxes in Waterbury does not exclude from application the general provisions of our statutes with regard to the proceedings for the collection of taxes.

The assessed value of a portion of a tax-payer's real estate which was mortgaged to a savings bank, was $12,000, and of his whole taxable property $27,350. Held that under the Gen. Statutes, § 3890, the lien for the taxes could be enforced against the savings bank only to the extent of the taxes on the $12,000.

The lien for the taxes being created by this statute, and limited as against a prior mortgagee to the taxes on the property mortgaged, and a later section providing for the foreclosure of the lien, the rights of all parties in a proceeding for the foreclosure of the lien must be determined by this statute, and cannot be affected by other statutes which provide for the collection of taxes by levy and sale.

[Argued January 22d,—decided March 4th, 1891.]

SUIT to foreclose a tax lien; brought to the District Court of Waterbury, and heard before *Cowell, J.* The Chelsea Savings Bank, one of the defendants, alone made defense. The court granted the foreclosure and the Savings Bank appealed. The case is fully stated in the opinion.

*C. F. Thayer* and *W. A. Briscoe,* for the appellant.

*E. F. Cole,* for the appellee.

TORRANCE, J. This is an action brought to foreclose certain tax-liens claimed to exist in favor of the Town of Waterbury, the City of Waterbury, and the Center School District of Waterbury.

It was first brought in the name of Meyer alone, who is the tax collector for the three communities, who are now joined as plaintiffs. Subsequently, after a demurrer had been filed by the Chelsea Savings Bank, one of the defendants, the court below, on motion of the collector, and against the objection of the bank, admitted the three above named communities as parties plaintiff. In one of the reasons of appeal by the bank, this action of the court is assigned for error.

In the case of *Hart* v. *Tiernan,* recently decided by this court, (59 Conn., 521,) it was held that the tax collector of these three communities, *after* he had settled his rate bill with the communities, and had paid over to them the tax, under the provisions of the private act concerning the collection of taxes within the town of Waterbury, passed in 1881, and found in the private acts of that year, might bring a suit in his own name to foreclose tax-liens existing in favor of the communities for taxes which the collector had so paid. The reasons for so holding are given in the report of that case. We think there is nothing in that decision to warrant the inference that such collector can bring such a suit *before* he has so settled and paid over the tax to the communities, nor do we think that in such a case any such right exists. The record in the case at bar shows that the

present action was brought before the collector had settled his rate bill or paid the tax to the communities. Under these circumstances the collector could not bring such suit in his own name.

Under the practice act, however, it was, we think, within the discretion of the trial court to admit the communities as parties plaintiff, and its action in so doing in the case at bar was permissible.

It appears from the record that, long before the time when the three communities were admitted as plaintiffs, the taxes here in question, with the exception of a small balance due to the city which was in dispute, had been paid to them by the collector. After the communities were admitted as plaintiffs the bank contended that they had no cause of action against the bank, on the ground that the taxes had theretofore been paid to them in full. The court overruled this claim, and this we think was right. So far as all of the defendants in a proceeding of this nature were concerned, the taxes were and still are unpaid. As against them the lien still exists, and may be foreclosed by the communities in their own name for the benefit of the collector, who has, after suit brought, been compelled by law to pay the tax. The reasoning of this court in the case of *Hart* v. *Tiernan*, above referred to, plainly justifies this conclusion.

On the trial below, the bank further contended that, under the provisions of section 3897 of the General Statutes, the premises sought to be foreclosed were not subject to any lien for any of the taxes laid by either of the plaintiff communities and described in the complaint, upon the ground that special provision had been made by statute for the assessment and collection of taxes within the town of Waterbury. This contention is based upon the existence of the private act of 1881, hereinbefore referred to. By a reference to that act, however, it will be seen that it makes no provision for any of the matters provided for in the sections of the General Statutes referred to in section 3897. It does not prescribe how a demand or levy shall be made by the collector, nor how he shall proceed to collect a tax.

It does not provide, in any manner for the existence or continuance of a lien for taxes. It does not provide for the foreclosure of such liens, nor for the sale of an equity of redemption, nor for the mode of selling land for taxes, nor for the form of the collector's deed in such case.

All these matters, and others not embraced within the provisions of the private act aforesaid, are provided for only in the General Statutes. The private act provides only for matters with regard to the collector and the collection of taxes in Waterbury that are in a certain sense special and peculiar to that town. The private act itself refers to the general law on this subject for a description of the powers of such collector in these words:—"Said collector shall have and possess all the rights and powers to enforce the collection thereof as are or may be provided by law for collectors of taxes." In that act no special provision is made for any of the important matters relating to the collection of taxes which are provided for in the sections of the General Statutes which are referred to in section 3897.

To hold that because of the existence of this private act these three communities and their officials possess none of the important powers conferred upon other communities by those sections, would be doing that which we think the legislature never intended, namely, excluding these communities from the benefit of certain provisions important and almost necessary for the due collection of taxes. The language employed by the legislature in section 3897 aforesaid, does not, we think, warrant us under the circumstances in coming to any such conclusion. In passing upon the claim of the bank, on the point in question, the court below did not err.

But the bank on the trial below further asked the court to hold, that if the premises sought to be foreclosed were subject to any lien for taxes, they were subject, so far as the bank was concerned, to such a lien only for the taxes laid upon the assessed value of those premises. This claim the court overruled, and this action of the court is one of the errors assigned in the reasons of appeal.

The premises sought to be foreclosed consisted of a lot of

land, with buildings thereon, situated in the city of Water-
bury.   The taxes sought to be recovered in this proceeding
were taxes due from one Angelo C. Burritt, which became
due on the first day of May, 1888, upon the assessment list
of the year previous.   The assessed value of the premises,
as it appeared in the completed assessment list, was twelve
thousand dollars.   The assessed value of the other property
of Burritt, as it appeared in said completed list, was fifteen
thousand three hundred and fifty dollars, making in all
twenty-seven thousand, three hundred and fifty dollars.   On
the fourteenth day of October, 1887, Burritt and his wife
gave a mortgage to the defendant, the Chelsea Savings
Bank, of the premises sought to be foreclosed, to secure an
indebtedness of theirs to the bank of twenty thousand
dollars.   The mortgage was recorded the same day.

Section 3890 of the General Statutes, in force when the
taxes here in question were laid, provides as follows:—
" The estate of any person in any portion of real estate
which is by law set in his list for taxation, shall be subject
to a lien for that part of his taxes which is laid upon the
valuation of said real estate, as found in said list when finally
completed."   This section was passed in 1887, as part of
chapter 110 of the public acts of that year.   Prior to that
time the law upon this matter was found in section 15, page
163, of the Revision of 1875, which provided as follows:—
" Real estate owned by any person in fee or for life or for a
term of years, by gift or devise, and not by contract, shall
stand charged with his lawful taxes in preference to any
other lien."   This section was repealed by the act of 1887
referred to above.   Under the law as it stood prior to 1887,
this court, in the case of *Albany Brewing Company* v. *Town
of Meriden*, 48 Conn., 243, held that any part of the real es-
tate of a tax-payer was subject to a lien for the whole amount
of his tax.   But the act of 1887 changed this.

Under the law as it was when the liens here in question
commenced, and as it now is, the premises sought to be
foreclosed are, by the express words of the statute, subject
to a lien only for that part of the taxes " which is laid upon

the valuation of said real estate as found in said list as finally completed." This was twelve thousand dollars. The court below held that the premises in question were subject to a lien for the entire tax upon twenty-seven thousand three hundred and fifty dollars.

The plaintiffs seem to concede that if section 3890 of the General Statutes stood alone, the construction contended for by the bank would perhaps be the correct one; but they say that if that section is read, as it should be, in connection with sections 3889 and 3899, it will be seen that there is a conflict between the sections, if we adopt the defendant's construction.

So far as the question in hand is concerned, section 3889 provides that the tax collector " may enforce by levy and sale any lien upon real estate for said taxes which exists, except such as are continued by certificate, or he may levy upon and sell such interest of the person in any real estate as exists at the date of the levy." Section 3899 provides that " no real estate incumbered by mortgage or other lien shall be sold for the payment of any taxes, except the tax laid upon the assessed valuation of such real estate, unless the sale is made subject to such mortgages or other liens thereon as were recorded before the laying of such taxes."

Under these two sections the plaintiffs claim that the tax collector, if he were here proceeding by way of levy and sale, would be empowered to collect, out of the real estate in question, the whole amount of the tax due from Burritt, without regard to the mortgage. And they argue that if this be so, it follows that in this proceeding to foreclose a lien, the whole amount of the tax is secured by the lien and can be collected as against the bank.

If we concede that the tax collector is so empowered in case of levy and sale, it does not follow that he can collect the entire tax as against this bank in a proceeding of this kind. This proceeding is based upon the existence of a lien, and it is not a proceeding by way of levy and sale. The question here is—what is the amount of the debt or tax which is secured by the lien? Under the former statute it

was the whole amount of the tax; under the present statute it is expressly provided that it shall be for " that part of his taxes which is laid upon the valuation of said real estate, as found in said list when finally completed." It is true that the sections in question must be construed together and harmonized, if possible, where they seem to conflict, but in so construing them we must give its full force to the language of all the sections, taking into account the former law and the change therein which the present law seems to make.

The liens sought to be enforced here exist solely by virtue of the statute. It is the statute that determines what property shall be subject to them, when they commence, how long they endure, how they shall be enforced, over what other claims they shall have precedence, and what amount of the tax shall be secured by them. They are the creatures of the positive statute, and by that must their nature and qualities be tested. The provisions for their creation and enforcement are special and peculiar methods for the collection of taxes, adopted in addition to the ordinary and general method by way of levy and sale of the property. " This lien, with its extension, is a statutory creation. It stands quite apart from the matter of selling land upon a tax warrant, and is not encumbered by any provision as to possession of other property." *Albany Brewing Company* v. *Town of Meriden, supra.*

The liens in question here, if they exist at all, are created by section 3890 of the General Statutes. It is true that they were continued by certificate under the provisions of section 3896, but this did not alter their nature nor affect the amount of tax secured by them. The liens that commenced on the first of October, 1887, were the identical liens continued by certificate, save and except the change in the rate of interest, and the identical liens provided for in section 3890. Under this section the lien created thereby takes precedence, not only of mortgages recorded *after* October first, but " of all mortgages, attachments and liens purporting to cover or affect said estate in the whole of said portion recorded *before* October first."

This is the order of precedence in case of a lien. If the order of precedence under a proceeding by way of levy and sale is different, a point which we do not here decide, this cannot affect the consideration of the question in hand. If the legislature has made any such distinction, the two methods of procedure may well stand together. There is no apparent conflict between the provisions of the statutes here in question, and certainly no such necessary conflict as requires us to hold, against the express and positive language of one of these sections, that a lien exists upon the premises sought to be foreclosed, as against the bank, for the whole amount of the tax due from the tax debtor.

We think the mortgage in question, so far as the Chelsea Savings Bank is concerned, takes precedence of all of said taxes, save and except the taxes laid upon the assessed value of the real estate covered by the mortgage, as found in the tax list when finally completed, and that the court below, in deciding otherwise, erred and mistook the law.

For these reasons the judgment of the court below is reversed, as to the Chelsea Savings Bank, the sole appellant in this court.

In this opinion the other judges concurred.