# OAHU RAILWAY and LAND COMPANY *v.* EWA PLANTATION COMPANY and KAHUKU PLANTATION COMPANY.

## MOTION FOR REHEARING.

SUBMITTED JANUARY 20, 1904.    DECIDED FEBRUARY 6, 1904.

GALBRAITH AND PERRY, JJ., AND CIRCUIT JUDGE DE BOLT IN PLACE OF FREAR, C.J., DISQUALIFIED.

A rehearing will not be granted merely because the court in its former opinion did not set forth its reasoning upon a certain point now claimed to have been overlooked, provided the point was not in fact overlooked and the court's *conclusion* thereon was in fact stated.

## OPINION OF THE COURT BY PERRY, J.

The only ground now relied on in support of the motion is that the court overlooked the point made by the defendants at the hearing that "the interest of the Oahu Railway and Land Company in each of the demised premises is a separate item and as such is to be separately taxed." If by this is meant that the interest of the Railway as distinguished from that of James Campbell and that of each of the two defendants should be separately taxed, it is sufficient to say that the statement of agreed facts on file clearly shows that each of those four interests has been so taxed. The contention seems to be, rather, that the plaintiff's leasehold interest in the lands demised to the Ewa Plantation Company and its interest in the lands demised to the Kahuku Plantation Company are separate items within the meaning of Section 820 of the Civil Laws, which provides that "all real and personal property and the interest of any person in any real or personal property shall be assessed separately as to each item thereof * * * ", and that the assessment of the plaintiff's interest in Kahuku and Honouliuli jointly is in contravention of this provision and therefore illegal.

The argument can be made that since the plaintiff acquired its leasehold interest in the two lands, together with other parcels, under one lease, with one lump sum named as rent therefor and with covenants and other terms applicable to all such lands as a whole, such interest in all of the lands constitutes but one item within the meaning of the statute and that there was no departure from the directions of the statute in making the return or assessment or both. Assuming, however, without deciding, that a strict compliance with the provision in question would have required that the plaintiff's interest in each of the lands should have been separately assessed, the failure to do so, under the circumstances of this case, would not render void the assessment as actually made. The defect would at most be a mere irregularity which cannot be taken advantage of on collateral attack, such as that now being made. The interests in the various parcels, if they may properly be called interests, all be-

longed to the same owner and in this respect this case differs materially from those cases where, the lands of more than one owner being involved, joint assessments have been held invalid. The plaintiff was the only taxpayer directly liable to the government for the taxes upon its interest (the existence of the private agreement of the sublessees to pay a portion of the taxes cannot affect the matter.) The requirement of Section 820, whether intended by the legislature for the benefit of the government or of the taxpayer, was, if it was not complied with, waived by both the government and the taxpayer and the tax as assessed was voluntarily paid. The irregularity, if any, was such as could have been waived. See *Albany Brewing Co. v. Meriden,* 48 Conn. 243, 245.

The point now relied upon by the defendants was not overlooked when the case was originally before us. In our former opinion we said: "It is no defense that the taxes were not assessed upon the subleased portions of land separately." It is true that we did not set forth our reasoning any further than to remark that "the private agreement of the parties was not binding on the assessor and the latter was under no obligation to make a separate assessment by reason of such agreement", but the *conclusion* was stated. The defense attempted was that the taxes were not assessed upon the subleased portions of land separately, and we expressly held that that defense was not good. The mere omission of a statement of the reasoning leading to that conclusion is not a sufficient ground for granting a rehearing. We have here discussed the merits of the defendants' argument to the extent to which we have discussed it, not under any misapprehension that a rehearing has been granted but because it will doubtless prove more satisfactory to counsel to have presented a statement of the reasoning omitted from the former opinion.

The motion is denied.

*Hatch & Ballou* for plaintiff.

*Castle & Withington* for defendants.