SALEY PHILLIPS *vs.* LOUIS STURM ET AL.

First Judicial District, Hartford, January Term, 1917.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

General Statutes, § 2396, relating to taxation, subjects each piece of real estate to a lien, but only for that part of the owner's taxes which is laid upon the valuation of that particular piece; and this limitation is not removed or extended by § 2394, as amended by Chapter 145 of the Public Acts of 1903, although by a levy pursuant to this Act the tax-collector may create a lien upon any item of the debtor's real estate for all his overdue taxes, just as a sheriff may on civil process create a lien by attaching the defendant's property.

The plaintiff agreed to buy, and the defendants to sell and convey by warranty deed, certain real estate subject to four mortgages, on or before August 24th, 1914, and to adjust the rent, insurance, taxes, water rates and interest on the mortgages, as of September 1st, 1914. *Held* that these promises being mutual and dependent, each party was bound to be ready at the appointed time to carry out, concurrently, his part of the undertaking; and that before either could recover of the other for breach of contract, he was bound to offer or tender performance on his own part or to show some valid excuse for his failure.

The plaintiff failed to offer or tender payment of the balance due, apparently because of his mistaken belief that the tax lien upon the land in question included the full amount of the defendants' taxes. *Held* that the defendants, who were ready and willing, and offered, to perform their covenants, were entitled to judgment.

Even if the mutual agreements contained in the contract were to be regarded as independent and not concurrent, the plaintiff would not be any better off; since the agreement contemplated payment before a delivery of the conveyance, and none having been made or tendered, the defendants were under no obligation to deliver the deed.

Argued January 2d—decided January 25th, 1917.

ACTION to recover damages for an alleged breach of a contract to sell and convey certain real estate, brought to and tried by the Court of Common Pleas in Hartford County, *Markham, Associate-Judge;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Reuben Taylor,* for the appellant (plaintiff).

*Josiah H. Peck* and *Solomon R. Herrup,* for the appellees (defendants).

THAYER, J. This action was brought to recover damages from the defendants for failure to convey certain real estate situated in Hartford. The only question of law raised by the plaintiff is whether, under our present statutes, unpaid taxes assessed against a person upon the valuation of one piece of real estate owned by

him is a lien upon other pieces of land owned by him in the same town.

The complaint alleges that the plaintiff and the defendants, on the 5th of August, 1914, entered into a written contract, a copy of which, as an exhibit, is made part of the complaint. It appears from this exhibit, among other things, that by the written contract the defendants covenanted to sell and by a sufficient warranty deed convey to the plaintiff, and the plaintiff covenanted to purchase of them for the purchase price of $2,900, of which $300 was paid upon the signing of the agreement, three pieces of land subject to four mortgages which are described in the contract and free from all other incumbrances, the deed to be given and the balance of the purchase money to be paid at any time before the 15th of August, 1914. The contract also provided that if the party of the second part, the present plaintiff, should fail to pay the $2,600 on or before August 15th, 1914, he should forfeit to the defendants as liquidated damages the $300 already paid as part of the purchase price. It was also stipulated that "all adjustments of rent, insurance, taxes, water rents, interest on the several mortgages," etc., should be made on the day of transfer, as of date of September 1st, 1914. The many other provisions and stipulations in the contract need not be referred to because not pertinent to the present inquiry.

The complaint alleges that, after the making of the contract, "by mutual agreement between the plaintiff and the defendants the time for completing said agreement was extended by several mesne extensions to the 24th day of August, 1914," and that on that date the plaintiff was ready and willing and offered to the defendants to pay the $2,600 and duly perform all his agreements under the contract upon the like performance by the defendants. The complaint does not allege

nonperformance, or unwillingness or nonreadiness to perform, by the defendants, but alleges that there is due from the defendants to the city of Hartford a large amount of taxes which is an existing lien upon the premises covenanted to be conveyed, and that there are two mortgages, other than those referred to in the contract, upon the same premises, or parts thereof, still unsatisfied of record.

The court has found that the contract was made as alleged; that the time for performance was extended as alleged; that on the 24th of August, 1914, there were due from the defendants to the city of Hartford, and unpaid, taxes assessed as of the date October 1st, 1913, on the premises to be conveyed, and also other taxes assessed against the defendants on other property owned by them; and that there were also two mortgages upon the premises, other than those named in the contract, recorded and not released upon the record. It is found that the defendants, on or before August 24th, 1914, had secured releases of these mortgages to be executed by the mortgagees and held in escrow to be delivered to the defendants upon the delivery of other security in lieu thereof, and that the defendants were then ready, able and willing, upon the payment by the plaintiff of the balance due from him under the contract, to cause the release of record of said mortgages, to pay to the city of Hartford all sums assessed as taxes on the land described in the contract, and to deliver a warranty deed of the same to the plaintiff free from all incumbrances, aside from the mortgages excepted in the contract, and then offered to do so, but that the defendants were not then ready and willing to pay to the city the taxes assessed upon their other property. It is found that the plaintiff did not then, or at any other time, offer to pay the defendants the balance to be paid under the contract, and made no tender of performance

of his obligations under the contract; and there is no finding that he was ready and willing to perform them.

The plaintiff claims that the agreements of the parties embodied in the contract are mutual and dependent, that he was not bound to pay for the land unless the defendants were ready and willing to convey to him by warranty deed the land in question free from incumbrances, except the four mortgages mentioned in the contract, that the unpaid taxes upon other items of land of the defendants in the city of Hartford constituted a lien and incumbrance upon the land to be conveyed, and that, as the defendants were not ready and willing to pay these taxes at the time fixed for performance, the contract was broken by the defendants.

Assuming that the agreements were mutual and dependent, as we think they were, each of the parties was bound to be ready and willing to perform his agreement at the time fixed therefor, and before either could recover against the other for breach of contract he was bound to offer or tender performance on his part, or show some excuse for failing to do so. The performance of the agreements was to be concurrent. The fact that one was ready and willing to perform constitutes a good defense against the other, unless the latter was not only ready and willing but also offered to perform, or was excused from making such offer by the conduct of the other party or other sufficient cause. *Smith* v. *Lewis*, 24 Conn. 624, 636; *Shinn* v. *Roberts*, 20 N. J. L. 435, 443; *Sargent* v. *Adams*, 69 Mass. (3 Gray) 72, 76; *Bean* v. *Atwater*, 4 Conn. 3, 13; *Hammond* v. *Gilmore*, 14 Conn. 479, 485; *Loud* v. *Pomona Land & Water Co.*, 153 U. S. 564, 576, 14 Sup. Ct. 928.

The court has found that the defendants were ready and willing to perform at the time fixed, and the subordinate facts found as to the securing releases of all

mortgages other than those mentioned in the contract, and their ability and willingness and offer to pay all taxes assessed on the pieces of land which they were to convey, justifies this finding (*Smith* v. *Lewis*, 24 Conn. 624, 635), unless the claim of the plaintiff that the taxes, assessed on other items of land owned by them and which they were not then ready or willing to pay, constitute incumbrances on the land which they had covenanted to convey to the plaintiff.

The plaintiff is clearly wrong in his claim that the land bargained for was subject to a lien for the taxes assessed against the defendants on other items of their property. Prior to 1887 all the lands owned by a person in any town were subject to a lien for the amount of all his taxes in such town; but the statutes now provide that "the interest of any person in any item of real estate, which is legally set in his tax list, shall be subject to a lien for that part of his taxes which is laid upon the valuation of said interest." General Statutes, § 2396. This statute has been construed by us as imposing upon any single item of a person's real estate a lien for only that amount of his taxes which was assessed upon the valuation of such single item. *Meyer* v. *Burritt*, 60 Conn. 117, 124, 22 Atl. 501.

This is conclusive against the plaintiff's claim unless, as he further claims, § 2394, as amended by Public Acts of 1903, Chapter 145 (p. 107), makes taxes a lien upon other items of the owner's real estate than that upon which the tax is assessed. This statute provides that under certain circumstances the tax-collector may enforce by levy and sale any lien upon real estate for unpaid taxes, or he may levy upon and sell such interest of the tax-debtor in any real estate as exists at the date of the levy. The first part attaches no lien to any land of the tax-debtor. It merely provides a summary way of enforcing existing ones created by the provisions of

§ 2396. Neither does the last part of the statute referred to create any lien upon the tax-debtor's land. The collector, by a levy pursuant to the statute, may create a lien upon any item of the debtor's real estate for all his overdue taxes, just as a sheriff may on civil process, by levying an attachment, create a lien upon it, but until such a levy is made there is no lien for the tax in the one case or for the claim sued on in the other. Had the plaintiff in the present case accepted the warranty deed offered by the defendants, the collector could not thereafter, under the statute referred to, legally levy upon the land conveyed, for the defendants would then have ceased to have any interest in the pieces of real estate conveyed. The only taxes which the defendants were bound to pay, to release the lands to be conveyed from tax liens, were those which they were ready and willing and offered to pay, namely, those assessed upon the valuation of those lands.

The court has not found that the plaintiff, at the time fixed, was ready and willing to pay for the land contracted for. He probably was not willing to pay because he mistakenly supposed that the tax lien upon the property was for the full amount of the defendants' taxes. He therefore failed to offer or tender payment, and as the defendants were ready and willing and offered to perform their covenants, the court correctly decided that the latter were entitled to judgment.

The plaintiff would stand no better if the mutual agreements contained in the contract were independent and not concurrent. The plaintiff agreed to pay the $2,600 "at any time before the 15th of August, 1914," and the defendants agreed to convey the land at any time before the 15th of August, 1914, upon the payment of the $2,600 by the plaintiff. In *Loud* v. *Pomona Land & Water Co.*, 153 U. S. 564, 14 Sup. Ct. 928, where the contract showed that the parties intended that the

conveyance should be *after* the payment, the agree-
ments were held not to be dependent and concurrent,
but independent.  If in the present case the agreements
should be held to be independent, the parties must be
held to have intended that the deed was not to be de-
livered until the consideration was paid.  As the plain-
tiff neither paid nor offered to pay, the defendants were
under no obligation to deliver a deed, and did not
break the contract in neglecting to do so.

There is no error.

In this opinion the other judges concurred.