### ANNA F. STIERLE vs. ROBERT L. RAYNER.

First Judicial District, Hartford, October Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

A property owner who has executed a bond for a deed must be prepared at the appointed time and place to give the conveyance agreed upon, or show a legal excuse for his failure; otherwise he is in no situation to ask for a specific performance of the agreement.

A promise to convey certain real estate by a good and sufficient warranty deed containing the usual covenants, calls for a clear, unincumbered title; and therefore is not fulfilled by a deed which transfers the property subject to an outstanding mortgage.

In the present case the property owner was unable to get into communication with the prospective purchaser between the date of their agreement and the time fixed for its consummation, when the latter did not appear. *Held* that this did not justify the owner in failing to take any steps to pay off the mortgage and thus enable her to transfer a clear title at the appointed time; and that because of such failure she could not properly ask a court of equity to specifically enforce the agreement against the defendant, the prospective purchaser.

The contract in suit required payment at once of $100, and near its close provided that if the defendant should fail to pay as agreed he should forfeit all claim to the premises and all moneys paid pursuant to the agreement. *Held* that this provision for a forfeiture was inserted to secure the performance of the contract by the prospective purchaser, and not to give him an option whether to perform or to lose what he had already paid on the purchase price.

Argued October 2d—decided December 15th, 1917.

SUIT for the specific performance of a contract to buy the plaintiff's real estate, or for damages, brought to and tried by the Superior Court in Hartford County, *Shumway, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

In October, 1915, the defendant approached the plaintiff, who was the owner of certain real estate in Simsbury, and concluded negotiations for its purchase. The purchase price agreed upon was $10,000. The

parties thereupon caused to be prepared and executed a bond for a deed in the ordinary form, wherein, in consideration of $100 paid down, Mrs. Stierle covenanted that on or before February 1st, 1916, and immediately upon the latter's performance of his agreement to pay $9,900, being the purchase price less the $100 already paid, she would convey the premises to the defendant by a good and sufficient warranty deed containing the usual covenants, and the defendant covenanted that he would pay said sum of $9,900 on or before said date. The instrument further provided that if the defendant should fail to make payment as agreed, he should forfeit all claim to the premises and all moneys paid in pursuance of the agreement.

On January 31st, 1916, the plaintiff, at the instance of the defendant, agreed, in consideration of a further payment of $150, to extend the time for the completion of the transaction to April 1st, 1916. In pursuance of this agreement a new bond for a deed, similar in all respects save as to the date of performance, the amount of the consideration, and the amount of the balance of the purchase price to be paid, was executed by the parties.

On March 30th, 1916, the plaintiff, having heard nothing further from the defendant, and having made repeated unsuccessful efforts to reach him by telephone to make an appointment to close the transaction, sent him by registered mail a letter informing him that she would be at the town clerk's office in Simsbury on April 1st at one o'clock in the afternoon to perform her part of the agreement and give him a deed of the property.

On April 1st she kept her appointment, and waited for over two hours for the defendant, who neither appeared nor sent word. At this time she had the town clerk prepare a warranty deed of the premises from

herself to the defendant, in which she warranted that the same was free from all incumbrances except a mortgage of $3,500 in favor of Harriet E. Hawley, which it was provided that the grantee assumed and agreed to pay. Subsequently, on April 4th, after consultation with her attorney and not having heard from the defendant, she again wrote him expressing her willingness to give him until April 10th, 1916, to perform his contract, and again naming the town clerk's office in Simsbury as the place and ten o'clock in the forenoon of said day as the time where and when she would be present to complete the transaction. The letter also expressed her willingness to meet the defendant at any other place or at any other time before April 10th which he might name.

Pursuant to this letter the plaintiff was at the appointed place on April 10th at the hour named and waited there for two hours, but the defendant did not appear or send word. At this time the warranty deed, which had been drafted upon the plaintiff's previous visit, was executed by her. This is the deed which she proposed and intended to give in fulfillment of her obligations.

At the time that the agreement of purchase and sale was entered into, the premises were incumbered by a mortgage for $3,500 to Harriet E. Hawley, and remained so incumbered until after April 10th, 1916. The note secured by this mortgage was on demand. No demand was ever made by the holder, neither was any offer to pay the note made to the mortgagee.

*Stanley W. Edwards*, for the appellant (plaintiff).

*William F. Henney*, for the appellee (defendant).

PRENTICE, C. J. The instrument executed by the parties, and whose specific performance is sought, is

one commonly known as a bond for a deed. By its terms the plaintiff property owner agreed to convey, by a good and sufficient warranty deed containing the usual covenants, certain real estate immediately upon the receipt from the defendant purchaser of the stipulated purchase price, and the defendant agreed to pay that price. Performance was to be had on or before April 1st, 1916.

These were mutual and dependent covenants demanding of each of the parties readiness and willingness to perform, and requiring, as a condition of judicial enforcement or redress for breach at the complaint of either, such readiness and willingness on his part, or a showing of sufficient excuse for their absence. *Phillips* v. *Sturm*, 91 Conn. 331, 335, 99 Atl. 689; *Smith* v. *Lewis*, 24 Conn. 624, 635. Readiness to perform on the plaintiff's part meant readiness to convey an unincumbered title. *Harris* v. *Weed*, 89 Conn. 214, 225, 93 Atl. 232; *Janulewycz* v. *Quagliano*, 88 Conn. 60, 63, 89 Atl. 879.

The property at the time the contract was entered into was covered by a mortgage of $3,500, and it remained so incumbered until after both April 1st and 10th had passed. In so far as the record discloses, no steps of any kind were taken to either procure or prepare for its release in anticipation of the stipulated conveyance. That was the condition of things when, on April 1st at one o'clock in the afternoon the plaintiff went to the meeting place which she had named in a letter to the defendant and at the hour so named. Subsequent preparation on that day to perform her undertaking, was confined to the drafting of a warranty deed to the defendant of the property subject to the $3,500 mortgage thereon. The defendant did not appear, nor was he heard from. If he had appeared and paid the amount he was called upon to pay, the plaintiff could not, as far as appears, have secured a removal of the in-

cumbrance and given the free title which she was obligated to give. The indications are quite to the contrary, especially as the mortgage was held by a person described therein as of Danbury. The record thus fails to show that the plaintiff was in a position to perform her part of the mutual undertaking of the parties on April 1st when she was in duty bound to be ready to do so.

The plaintiff's letter of April 4th, giving the defendant an extension of time to April 10th, does not change the legal aspects of the situation. She could, indeed, waive her right to have performance by the defendant on April 1st, but she was powerless to extend the time within which she was bound to perform or to be ready and willing to perform. Furthermore, her preparations in anticipation of the second appointed meeting were no more adequate than they were for the first. The little that was done only emphasizes her unreadiness to give the title she had obligated herself to give.

It follows that if the plaintiff is to prevail it must be by reason of her having a sufficient excuse for her conduct in making no provision for a release of the mortgage. Upon the trial she attempted to establish such excuse by evidence that the defendant, during the negotiations for the property, stated that he would take care of the mortgage if he purchased. The court, however, has refused to find, as the conflicting evidence justified him in doing, that such or a similar statement was made. The plaintiff is thus left to find her excuse in the defendant's conduct in not communicating with her between the time of the execution of the agreement on January 31st and April 1st, the limit of time fixed for the consummation of the transaction, and in absenting himself upon the latter day.

Her efforts to get in touch with him on the telephone had failed, and her letter naming a place and time of

meeting sent on March 30th had elicited no reply. There was nothing else, save possibly the lapse of time, that could have made the plaintiff suspicious even that the defendant would not perform his obligations. If her suspicions were awakened by her inability to get into communication with him, her failure to hear from him, and the approach of the terminal date fixed for the payment and transfer of title, those suspicions should have aroused her to the necessity of putting herself in a position to make the conveyance she had agreed to make. They certainly did not justify her in acting as though the defendant had declared his abandonment of the agreement, indicated his purpose not to perform his part of it, or put himself in a position where he was incapable of performance. The defendant was under no obligation to keep in communication with her or to do anything until April 1st should arrive. He would have been wholly within his rights had he waited until that day, and then proffered his promised payment. The plaintiff was bound to know this, and to act upon that knowledge.

It was not until the plaintiff had waited at her appointed meeting place a reasonable time after one o'clock on April 1st that this situation became changed. Whatever excuse for further preparation the nonappearance of the defendant might then have afforded, it was too late for it to serve her as a justification for the utter lack of earlier efforts on her part, not shown to have been unnecessary, that she might have the ability to give a clear title within the time appointed.

In view of our conclusions above stated, the claim of the defendant that his contract to pay the stipulated purchase price was not one whose specific performance a court of equity will direct, but merely one embodying a forfeiture as the prescribed penalty in the event of his failure to perform, does not call for consideration.

For the avoidance of future misunderstanding, however, we ought, perhaps, to say that we are unable to so construe the instrument executed by the parties. Plainly the forfeiture provision was inserted to secure the performance of the contract by the defendant, and not to provide an alternative method of performance at his option. *Goodale* v. *Hill*, 42 Conn. 311, 317; *Brown* v. *Norcross*, 59 N. J. Eq. 427, 430, 45 Atl. 605; *Koch* v. *Streuter*, 218 Ill. 546, 552, 75 N. E. 1049; *Dooley* v. *Watson*, 67 Mass. (1 Gray) 414, 416.

There is no error.

In this opinion the other judges concurred.