MICHAEL LUNDE ET AL. VS. JAMES MINCH ET AL.

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND WOLFE, Js.

The promises of a seller to convey real estate, and of a purchaser to pay for it are mutual and dependent, each party being bound to be ready, willing and able to carry out his part of the undertaking; and before either can recover of the other for breach of contract, he must tender performance on his part to the other or give him such notice as is tantamount to an offer to perform, or else show some valid excuse for his failure.

The existence of restrictions upon the use of real estate which the seller has agreed to convey free and clear of all incumbrances, is sufficient to excuse a tender of performance by the buyer unless the circumstances are exceptional, as where the defects are unknown until the time for performance and the seller should equitably be given a reasonable opportunity thereafter to remove them, or where the seller is in a position to clear the title forthwith upon the buyer's offer to perform.

The lot which the defendants agreed to convey to the plaintiff "free and clear of all incumbrances" was part of a tract originally subdivided for development as a summer residential district, and, in common with the majority of the lots, was sold subject to restriction against use for other than dwelling-house purposes. The only action taken by the defendants to clear the title was to secure from their immediate grantor and from the common grantor of the entire tract a quitclaim deed releasing the restriction. *Held* that the state of the defendants' title was such that the plaintiff could not be compelled to accept a conveyance, for, though the rights of the other lot owners could not be fully adjudicated in the present action to which they were not parties, each of them apparently had a substantial claim to the

enforcement of the restriction; and that, therefore, the plaintiff was excused from tendering performance to the defendants as a condition of his right to recover damages for their breach of the contract.

One who contracts to purchase real estate is not obligated to accept a title concerning which there is pending litigation, or, in other words, to "buy a law suit."

If this court determines that the issue of liability was erroneously found for the defendant by the trial court and that the plaintiff is entitled to judgment, it may order a new trial limited to the assessment of damages.

Argued January 21st—decided March 5th, 1927.

ACTION to recover damages for the alleged breach by the defendants of a written contract for the sale of real estate to the plaintiffs, brought to the Court of Common Pleas for New Haven County and tried to the court, *Pickett, J.;* judgment for the defendants, and appeal by the plaintiffs. *Error and new trial ordered limited to the assessment of damages.*

*Joseph I. Sachs,* with whom, on the brief, were *Louis Sachs* and *Manuel S. Sachs,* for the appellants (plaintiffs).

*Robert L. Munger,* for the appellees (defendants).

MALTBIE, J. This is an action brought to recover damages for a claimed breach of contract by the defendants in failing to perform an agreement to convey a certain lot of land. The contract was made April 28th, 1925. It stated the agreement of the defendants "to convey by warranty deed . . . said premises free and clear from all incumbrances except building lines if established, [and] taxes for the current year"; it acknowledged receipt of $100 paid upon the purchase price, and provided for the payment of the balance, $1,400, in cash; and it stated: "It is hereby agreed that

the transaction shall be completed and the purchase price paid on or before the first day of June."

The obligation of the defendants to perform their promise to convey the premises free and clear of all incumbrances and the promise of the plaintiffs to pay the purchase price, were "mutual and dependent covenants demanding of each of the parties readiness and willingness to perform, and requiring, as a condition of judicial enforcement or redress for breach at the complaint of either, such readiness and willingness on his part, or a showing of sufficient excuse for their absence." *Stierle* v. *Rayner*, 92 Conn. 180, 183, 102 Atl. 581. The trial court has found that while the plaintiffs were ready, able and willing to perform their obligations, they never did perform them or offer to do so, nor did they ever make demand upon the defendants to fulfil their obligations under the agreement; and this finding we take to include a failure of the plaintiffs to give that notice to the defendants of their readiness and ability to perform which is tantamount to a tender of performance. *Smith* v. *Lewis*, 24 Conn. 624. That being so, it was incumbent upon the plaintiffs to show that they were excused from taking those steps which ordinarily would be necessary to put the defendants in default. *Phillips* v. *Sturm*, 91 Conn. 331, 335, 99 Atl. 689.

The excuse upon which the plaintiffs rely is the inability of the defendants to convey the premises free and clear of all incumbrances by reason of the existence of certain restrictions upon the use of the property. If, being aware of the restrictions upon the premises which would prevent their performance of their agreement, the defendants failed to remove them, and so continued unable to perform, any offer to perform by the plaintiffs would have been as unnecessary as it would have been unavailing, and so they

would have been excused from making it. *Soldate* v. *McNamara,* 94 Conn. 589, 591, 109 Atl. 724. While we have usually been called upon to apply this principle in cases where there has been a rescission of the contract and the claim is for the recovery of money paid, yet it controls also in actions brought for breach of the agreement. *Smith* v. *Lewis,* 24 Conn. 624; *Bugajski* v. *Siwka,* 200 Mich. 415, 166 N. W. 863; *McLeod* v. *Hendry,* 126 Ga. 167, 171, 54 S. E. 949; 39 Cyc. 1544, 2089.

To the general principle there are no doubt exceptions, as where a defect unknown to both parties crops up at or after the time set for performance and equitable considerations dictate that the vendor be given a reasonable opportunity to remove it before a default can be claimed, or where the vendor is in a position forthwith to remove an existing defect upon the vendee making offer of performance. *Marsh* v. *Holley,* 42 Conn. 453. The case before us presents neither of these situations; the defect of which the plaintiffs complain was fully known to the parties before the time for the performance of the contract had expired and yet the defendants did nothing to remove it even down to the time of trial some months later; and the test of a present ability to perform is not met where the power to remove a defect is conditioned upon the consent of a third party not then secured. *Greene* v. *Barrett, Nephews & Co.,* 238 N. Y. 207, 211, 144 N. E. 503.

The lot in question was a portion of a tract which one Miles had laid out for development as a summer residential district. In the map filed in the town clerk's office he did not mention any restrictions to be imposed on the various lots comprising the tract, but in the deeds of most of them he inserted restrictions as to their use, including one against using them for other than dwelling-house purposes. One Haskins

bought a number of the lots, and later resold them, the deeds stating the same restrictions. A few of the lots in the tract were sold by Miles and Haskins without restrictions, the intent being to make it possible to erect upon them stores to accommodate those who built houses upon the other lots. The lot of the defendants was bought from Haskins and was one of those the use of which was restricted. The purpose of the plaintiffs in buying it was to erect upon it a building to be used for store purposes.

At the time of making the agreement the matter of the restrictions was discussed and one of the defendants, Mrs. Minch, stated that Haskins had told her that the imposition of the restrictions upon the lot was a mistake and had offered to remove them; and she asserted her belief that she could obtain a release from him. Accordingly she did obtain from Haskins and Miles a quitclaim deed, particularly purporting to release the restrictions forbidding the use of the lot for other than dwelling-house purposes. After this deed had been obtained the plaintiffs, with the consent of the defendants, entered upon the lot and began the erection of a building to be used for stores. When it was partly done they, with the defendants, were served with a temporary injunction issued by the Superior Court at the suit of an adjoining lot owner, forbidding them to proceed with the building. The ground of the suit was that the restrictions upon the lot were imposed as a portion of a uniform plan of development of the Miles tract, and consequently had given rise to rights in the owners of other lots in the tract to insist upon their observance. The defendants in the action in which the temporary injunction was issued made a motion for its dissolution, but the motion was denied and nothing further was done in that action up to the trial of this one.

Whatever the effect of the quitclaim deed from Miles and Haskins to the defendants as regards the former's rights, it could not affect any rights the other lot owners in the tract might have to insist upon the observance of the restrictions. *Baker* v. *Lunde,* 96 Conn. 530, 538, 114 Atl. 673; *Ivarson* v. *Mulvey,* 179 Mass. 141, 60 N. E. 477; *Bowen* v. *Smith,* 76 N. J. Eq. 456, 462, 74 Atl. 675; *Harvey* v. *Ruben,* 219 Mich. 307, 189 N. W. 17. The fact that the right of other lot owners to insist upon the restrictions was in issue in the action in the Superior Court would be no reason why, if it were also in issue in this action, the court should not have here adjudicated it. But the existence of such a right could not be fully adjudicated here, for the all-sufficient reason that the persons who might assert it are not parties to this action. *Fleming* v. *Burnham,* 100 N. Y. 1, 10, 2 N. E. 905. The issue here is not so much did the right exist, but rather was there sufficient substance in the claim made on behalf of other lot owners in the tract so that the plaintiffs would be justified in refusing to take title to the premises as free and clear of incumbrances. The situation disclosed in the finding is such that the owners of the other lots might very well have had a right to insist upon the restrictions. *Baker* v. *Lunde,* 96 Conn. 530, 536, 114 Atl. 673; *Armstrong* v. *Leverone, ante,* 464, 136 Atl. 71. One of them was in fact seeking to enforce that right in a pending action. The plaintiffs, had they taken title, would in very truth have been "buying a law suit," and that they were not obligated to do. *Janulewycz* v. *Quagliano,* 88 Conn. 60, 63, 89 Atl. 897; *Brokaw* v. *Duffy,* 165 N. Y. 391, 399, 59 N. E. 196.

It follows that upon the facts found no other conclusion is possible than that the defendants, at all times up to the time of this action, were unable to convey to the plaintiffs a title which would fulfil their

agreement; that the plaintiffs were excused from offering to perform the obligations assumed by them in that agreement, and that they are entitled to judgment. There is no necessity for the court to retry the issue of liability of the defendants, but only to determine the amount of damages to which the plaintiffs are entitled. *Smith* v. *Whittlesey*, 79 Conn. 189, 193, 63 Atl. 1085.

There is error, and a new trial is ordered limited to the assessment of damages.

In this opinion the other judges concurred.