LULU GODBURN ET AL. *v.* GEORGE MESERVE ET AL.,
EXECUTORS (ESTATE OF CARRIE J. WELLS).

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued March 10—decided April 18, 1944.

*J. Kenneth Bradley,* with whom was *Henry J. Lyons,*
for the appellants (defendants).

*George N. Foster,* with whom was *C. David Munich,* for the appellees (plaintiffs).

BROWN, J.   In this action based on an agreement by the plaintiffs to provide and care for the defendants' decedent in her house in Stratford in consideration of her promise to leave the property to them by will, the jury rendered a verdict for the plaintiffs which, it was undisputed, was predicated upon the decedent's breach of an express agreement alleged in the first count. There was a second count based on quantum meruit. The defendants have appealed from the court's denial of their motion to set aside the verdict and from the judgment, assigning error in the court's charge to the jury.   In the view which we take of the case it is necessary to consider only the claimed error in the court's denial of the motion.

For more than three years prior to February 21, 1936, the plaintiffs had lived as tenants of the decedent in a house owned by her in Stratford.   As of the above date, the decedent, seventy-six years of age, was living alone in the house next door, which she also owned.   On that date, the parties entered into an express written agreement which provided that for the remainder of the decedent's life they were to live together in her homestead, she occupying the front upstairs room and they furnishing her with board, heat, light and laundry, providing care for her in case of any minor ailments or sickness not requiring a nurse or hospital service, and paying ten dollars per month rent.   It further provided that the plaintiffs' family was to be limited to themselves and daughter, and that the decedent was to leave the property to them by will at her death.   The decedent made a will in accordance with the agreement and the plaintiffs occupied the house with the decedent and provided for her as stipulated until on or about

August 5, 1941, when the plaintiffs moved out and did nothing further in performance of the contract. Thereupon the decedent revoked her will. She died May 21, 1942, at the age of eighty-three. During the first two years that the parties lived together their relations were generally harmonious and mutually agreeable, but thereafter increasing friction developed. Just before the plaintiffs moved out Mr. Godburn proposed a modification of the agreement whereby the decedent would have two rooms, get her own meals and do her own laundry, and the plaintiffs would make an increased cash payment monthly. The decedent refused to modify the agreement. These facts are undisputed.

The jury could reasonably have further found that the plaintiffs faithfully and fully performed their part of the contract up to the time they left; that the decedent objected to the plaintiffs' having their grandchildren and others stay in the home as their guests; that she objected to being left alone in the house at night and thus prevented the plaintiffs from going out or away on vacation; that she constantly found fault with many minor things around the house; that she, without reason, objected to the amount of water used by the plaintiffs which she had to pay for; that she, likewise without reason, demanded food other than that which the plaintiffs provided, constantly objected to the manner in which Mrs. Godburn cooked food and at times refused to eat it, developed a habit of tapping her foot on the floor while eating, and once when Mr. Godburn was seriously ill made a disturbance because her meal was not served on time; and that this course of conduct so disturbed the plaintiffs' home life that they became very nervous, and rendered it very disagreeable and difficult for them to continue to reside with her.

The contract was bilateral containing mutual and

dependent covenants demanding of each of the parties readiness and willingness to perform. It therefore required, "as a condition of judicial enforcement or redress for breach at the complaint of either, such readiness and willingness on his part, or a showing of sufficient excuse for their absence. *Phillips* v. *Sturm,* 91 Conn. 331, 335, 99 Atl. 689; *Smith* v. *Lewis,* 24 Conn. 624, 635." *Stierle* v. *Rayner,* 92 Conn. 180, 183, 102 Atl. 581; *Lunde* v. *Minch,* 105 Conn. 657, 659, 136 Atl. 552. Therefore here, if the plaintiffs on their part were prevented by the decedent from completing the contract, they were entitled to bring their action for damages for her breach of it. *Valente* v. *Weinberg,* 80 Conn. 134, 135, 67 Atl. 369; *Dadio* v. *Dadio,* 123 Conn. 88, 92, 192 Atl. 557; Restatement, 1 Contracts, § 295, Conn. Annot., § 295. However, "In order to amount to a prevention of performance by the adversary party, the conduct on the part of the party who is alleged to have prevented performance must be wrongful, and, accordingly, in excess of his legal rights." 5 Page, Contracts, § 2919, p. 5145; *Lansdowne* v. *Reihmann,* (Ky.) 124 S. W. 353. Although " 'where a party stipulates that another shall do a certain thing, he thereby impliedly promises that he will himself do nothing which will hinder or obstruct that other in doing that thing' " (3 Williston, Contracts [Rev. Ed.], § 677, p. 1956), manifestly this principle has no application where the hindrance is due to some action of the promisor which he was permitted to take under either the express or implied terms of the contract. See Restatement, 1 Contracts, § 295. The mere fact that permitted conduct of this nature by one promisor renders unpleasant or inconvenient performance by the other of his agreement effects no discharge of that obligation. See 5 Page, Contracts, § 2919, p. 5146; *Smoot's Case,* 15 Wall. (82 U. S.) 36, 46, 21 Law Ed.

107; *Thompson & Son* v. *Brown,* 106 Iowa 367, 372, 76 N. W. 819.

Accordingly, the question for determination is whether the decedent's conduct complained of was wrongful in the sense of being violative of her obligations under the contract. In other words, was it or was it not conduct which must be said to have been fairly within the contemplation of the parties when the agreement was entered into? See *Huminsky* v. *Bank,* 107 W. Va. 658, 150 S. E. 9. In addition to the facts already mentioned, the undisputed testimony was that for twenty years prior to the agreement Mr. Godburn had known the decedent as a customer in the grocery store where he was employed, that during the last three and one-half years of this period, while he and his family were living next door as her tenants, the plaintiffs came to know the decedent very well, that she was regularly and frequently in their home as a guest and ate meals there, and that they knew she was an elderly lady apparently about seventy-six or seven years of age. It is a matter of common knowledge that a gradually increasing impairment of powers and a not unusual tendency to more or less eccentricity naturally are to be expected as incident to the advancing years of one of that age, and under the circumstances the only reasonable conclusion upon the record before us is that the decedent's conduct was fairly within the contemplation of the parties under their contract as made. The gist of the situation is apparently well summarized by Mr. Godburn's testimony that "the only thing she complained about was the eats," which everybody else thought were all right, that her conduct was upsetting and disturbing to the plaintiffs and that they "didn't have to take it" and they "wouldn't." It follows from what we have said that not only is there no evidence that the decedent "forced the plaintiffs to leave said

premises in violation of the terms of the contract," as alleged in the complaint, but furthermore there is none that what she did was "wrongful, and, accordingly, in excess of [her] legal rights" within the principle quoted above. The defendants' motion to set aside the verdict should therefore have been granted.

There is error, the judgment is set aside, and a new trial is ordered.

In this opinion the other judges concurred.