FEDERAL FINANCE COMPANY, INC. *v.* FORMAN PROPERTIES, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

154

Argued October 15—decided November 5, 1948

*Benjamin M. Chapnick,* with whom, on the brief, was *John M. Chapnick,* for the appellant (plaintiff).

*David M. Reilly,* for the appellee (defendant).

BROWN, J. The plaintiff brought this action on a written contract for the sale of the defendant's apartment house and furniture therein, seeking specific performance of the agreement, a decree for a conveyance, and damages. The plaintiff's claims for a jury trial were overruled and the court, having concluded that the plaintiff was not ready and willing to perform its

part of the agreement and that the defendant was ready, willing and able to do so, rendered judgment for the defendant, from which the plaintiff has appealed.

As presented upon the argument before us, the undisputed facts found by the court may be thus summarized: The defendant owned an apartment house in New Haven and on May 6, 1946, entered into a written agreement to sell it to the plaintiff. A down payment of $300 was then made to the defendant as therein provided. A further provision of the agreement was: "It is understood and agreed between the Seller and the Buyer herein that all of the furniture now found and located in the various apartments and belonging to the Seller goes with this sale and is to be transferred by Bill of Sale from the Seller to the Buyer at the time of the closing of this transaction." When the agreement was executed the parties understood and intended that this provision applied to the furniture in three only of the apartments, since that in the other twelve belonged to the tenants, as the plaintiff well knew. By the terms of the agreement $18,000 was the purchase price, which the plaintiff was to pay by assuming an existing first mortgage of $9792.91, executing a second mortgage of $2207.09, and paying the balance, above the $300 deposit, in cash, and it was "understood that the transaction shall be closed on or before May 31, 1946 at the offices of Samuel M. Silver, Attorney." At about 3 p.m. on that day the parties, each acting by its president, met at Silver's office for the purpose of completing the sale.

Attorney Silver represented both parties. He had prepared a warranty deed of the premises, a mortgage deed and note, and a memorandum of various adjustments involved in the sale showing a balance of $5991.63 due from the plaintiff to the defendant.

Since he had no list of the furniture, he had not prepared a bill of sale of the personalty to be transferred. After the warranty deed and a copy of the adjustment sheet had been handed to the defendant, and the mortgage deed and note and a copy of the sheet to the plaintiff, a dispute arose as to the furniture to be included in the bill of sale, the plaintiff claiming to be entitled to all of the furniture in the building, while the defendant insisted that the agreement called for that in the three apartments only, which it stated it was willing to transfer. After an hour and a half of discussion during which the plaintiff's president acted threateningly, he finally stated in substance that he did not want the property, swore and left. The defendant was ready, willing and able to give a deed in accord with the agreement. The plaintiff failed to perform its part of the agreement and the meeting concluded without any of the papers being signed and without any check being written or tendered for the purchase price, though the plaintiff had sufficient funds in its checking account to cover the cash payment called for under the adjustment sheet. On June 4, 1946, the plaintiff's certified check for $5991.63, the amount shown due by the adjustment sheet, was handed to attorney Silver at the county courthouse in New Haven. At no time did he receive word from the plaintiff of any change in its demand for all of the furniture in the apartments as indicated at the meeting on May 31. The only information he was able to elicit by a telephone call to the plaintiff was that the certified check was being left with him. After the plaintiff had disregarded several requests by Silver to call for the check, he returned it on June 27, 1946.

The agreement was plainly a bilateral contract providing for certain payments by the plaintiff and conveyances by the defendant. "It contained mutual and

dependent covenants demanding of each of the parties readiness and willingness to perform, and required as a condition of judicial enforcement or redress for breach at the complaint of either such readiness and willingness on the part of the complaining party or a showing of sufficient excuse for their absence. *Lunde* v. *Minch,* 105 Conn. 657, 659, 136 Atl. 552; *Stierle* v. *Rayner,* 92 Conn. 180, 183, 102 Atl. 581." *Dadio* v. *Dadio,* 123 Conn. 88, 91, 192 A. 557. The plaintiff recognizes the applicability of this principle but claims that the circumstances show "sufficient excuse" for its failure to tender the balance of the purchase price. In this connection it counts upon the only error now claimed as to the facts found: that the court was unwarranted in finding that "the defendant was at all times ready and willing to execute and deliver a bill of sale for the furniture owned by it in the . . . three apartments." In a word, its argument is that there is no evidence that any bill of sale of the furniture called for by the agreement was prepared, consequently the finding quoted cannot be supported, and therefore the plaintiff was excused from tendering the balance of the purchase price and so is entitled to relief in this action.

The theory of the plaintiff's contention is that the defendant's failure to have a bill of sale prepared constituted a prevention of performance by the plaintiff within the principle stated in *Godburn* v. *Meserve,* 130 Conn. 723, 726, 37 A. 2d 235. It fails to take into account, however, that, as we stated in that opinion, " 'In order to amount to a prevention of performance by the adversary party, the conduct on the part of the party who is alleged to have prevented performance must be wrongful, and, accordingly, in excess of his legal rights.' 5 Page, Contracts, § 2919, p. 5145 . . . ." It is clear upon the facts found that the defendant's

conduct in failing to tender either an executed bill of sale or deed was not "wrongful." Because of the defendant's refusal to include in the bill of sale furniture which was not called for by the agreement, the plaintiff finally stated that it did not want the property and left. Under the circumstances it would have been futile for the defendant to make the tender referred to. The law does not require an act which would be a mere futility. *Grant* v. *Pagter,* 133 Conn. 646, 649, 53 A. 2d 380; *Tracy* v. *O'Neill,* 103 Conn. 693, 699, 131 A. 417; *Romanoff* v. *DeSanto,* 101 Conn. 504, 511, 126 A. 694. The defendant was under no duty to tender a deed and bill of sale to the plaintiff, and the court's finding that the defendant was ready and willing to convey cannot be disturbed.

The plaintiff makes the further claim that time was not of the essence under this contract and that therefore the delivery of the certified check to Silver on June 4 constituted a tender of performance entitling it to relief. It is a sufficient answer that no such claim was made in the trial court. Practice Book §§ 157, 363; Conn. App. Proc. § 44; *Boardman* v. *Burlingame,* 123 Conn. 646, 655, 197 A. 761. This aside, the plaintiff's failure, in connection with the deposit with Silver of the certified check, to suggest any modification of its demand for all of the furniture is conclusive that this act did not affect the situation.

Error is also assigned in the court's denial of a jury trial to the plaintiff. The essential right asserted in the plaintiff's prayers for relief upon its complaint, however, is equitable in its nature, and damages are sought in lieu of equitable relief or as supplemental to it in order to make that relief complete. The whole action is one in equity and the plaintiff was not entitled as a matter of right to a jury trial. *Malkan* v. *Hemming,* 82 Conn. 293, 295, 73 A. 752; *Berry* v. *Hart-*

*ford National Bank & Trust Co.,* 125 Conn. 615, 619, 7 A. 2d 847. That no injustice to the plaintiff resulted from this exercise of the court's discretion is apparent from its claim of law upon the trial that "the plaintiff seeks only . . . a decree of specific performance" as to the real estate.

The plaintiff's final claim is that the court erred in stating in its memorandum of decision that "the plaintiff's breach of the contract bars it, in an action on the contract, from recovering the $300 paid on account of the purchase price." No such conclusion appears in the finding, the memorandum of decision was not made a part of it, and no issue as to the plaintiff's right to recover this deposit is presented by the pleadings. The judgment involves no determination of this issue, and the plaintiff was not prejudiced by the court's statement quoted.

There is no error.

In this opinion the other judges concurred.