## HOME OWNERS' LOAN CORPORATION
vs.
## GEORGE MATYAS, ANDREW KAPI, JOSEPH LATZKO, MICHAEL TURI, EUGENIO VITALI, AND OTHERS

Superior Court      New Haven County      File #51612
#51613
#51614
#51615
#51475

Present:   Hon. EARNEST C. SIMPSON, Judge.

Harry R. Cooper,                Attorney for the Plaintiff.

William F. Wrynn,              Attorney for the Defendants.

**MEMORANDUM FILED FEBRUARY 10, 1937.**

SIMPSON, J.   These cases are foreclosure actions upon mortgages held by the plaintiff.   The defendant, Borough of Wallingford, claims preference over plaintiff's mortgages for its various liens recited in the respective complaints for water

furnished the various premises. All the liens appear of record subsequent to the recording of plaintiff's several mortgages. The Court is not otherwise informed of the accrual of the various water liens than appear of record. The sole question in each case submitted to the Court is whether or not the water liens have preference over plaintiff's mortgages.

If the Borough has a lien which has a preference it must be by virtue of some statute or charter provision. Being a statutory lien it does not take precedence over a prior contractual lien unless the statute "clearly shows or declares an intention to cause the statutory lien to over-ride the prior lien." 37 C.J. page 327, sec. 41. In Jones on Liens, page 37, sec. 41, the author states that "the character, operation and extent of the lien (statutory) must be ascertained by the terms of the statute creating or defining it; and the courts cannot extend the statute to meet cases for which the statute itself does not provide, though these may be of equal merit with those provided for."

In this State tax liens have a preference over prior encumbrances only by virtue of statutory provision. General Statutes, sec. 1233; Albany Brewing Company vs. The Town of Meriden, 48 Conn. 243; Meyer vs. Burritt, 60 Conn. 117. As against constitutional objections, such statutes are held to be good on the ground that the mortgagee or other encumbrancer voluntarily takes the mortgage subject to the statute. As to mechanic's liens the statute provides that such liens take precedence only of any other encumbrance accruing after the commencement of services (G.S. 5105). I have been unable to discover, nor have I been referred to any General Statute dealing with water liens such as those involved in the instant cases. If, therefore, the Borough's water liens have a preference over prior mortgage it must be by its charter provisions.

The charter of the Borough provides that "any claim of said Borough for the use of water, or for rent of hydrants, shall be a lien upon the real estate or property wherein or in connection with which such water was used or on which such rent was assessed"; and then provides for the manner in which such liens may be foreclosed; that the Water Commissioner shall have the power to issue warrants for the collection of such claims in the form prescribed by law for the collection of taxes, but nothing is provided with respect to any preference such liens may have over prior encumbrances.

Yet sec. 35 of the charter does provide that all liens for all assessment of benefits "shall take precedence and priority of all other liens or encumbrances on the property whereon the same is imposed (except taxes)". The express provision for such a priority in one section of the charter dealing with liens would naturally seem to import an intention on the part of the legislature to exclude it as to other liens. **Expressio unius exclusio est alterius. Geer vs. Rockwell, 65 Conn. 316, 323.** This maxim would seem clearly to apply in these cases.

It is therefore held that the defendant Borough water liens do not have a priority over plaintiff's mortgages.

As the decision of this question has been held up due to matters over which the Court had no control, the amount of the claim in each case has been increased by adding interest accrued from date of proof of debt to the date hereof, and law days fixed as appears on the file in each case.