JOHN F. IVARSON & another vs. DANIEL MULVEY.

Suffolk.   December 7, 1900. — May 24, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Easement,* Equitable Restriction.

A restriction on suburban land to continue for eight years only, that no dwelling house placed thereon "shall contain more than two tenants, or be constructed for more than two families," is violated by the construction of a house of three stories containing seventeen rooms available for three families, although the owner does not intend to use it for more than two families until the eight year limit of the restriction has expired.

Where a grantor in pursuance of a common scheme imposes restrictions on land sold to various grantees, he can waive his own right to enforce the restrictions but not that of any of his grantees.

BILL IN EQUITY by the respective owners of two houses on Woodlawn Street in that part of Boston called Jamaica Plain, to enforce against the defendant, who was constructing on that street a house adjoining that of one of the plaintiffs and opposite that of the other plaintiff, certain restrictions contained in the defendant's deed, filed September 27, 1899.

In the Superior Court the case was referred to a master, who reported, that the defendant had violated one of the restrictions in his deed by constructing a house for more than two families, but by reason of the fact that the restriction would continue in force only until January 1, 1902, and of other facts stated in the report, the plaintiffs were not entitled to equitable relief for the violation of the restriction by way of an injunction ordering the defendant to discontinue and remove his house, but were entitled to equitable relief by way of compensation in damages. The case was recommitted to the master to find and state what sum of money by way of damages, if any, should be assessed against the defendant and in favor of the plaintiffs, as compensation for the defendant's breach of the restriction, and the master, in a second report, found that there should be assessed against the defendant $168 in favor of the plaintiff McNulty and $224 in favor of the plaintiff Ivarson. The Superior Court by decree

ordered the defendant to pay the sums named to the plaintiffs respectively, and the defendant appealed.

The material facts found by the master are stated in the opinion of the court.

*F. M. Davis*, for the defendant.

*C. G. Keyes*, for the plaintiff, submitted the case on a brief.

LATHROP, J.   This is a bill in equity by which the plaintiffs seek to enforce against the defendant certain restrictions contained in the deeds of all the parties, they having derived their respective titles from common grantors.

The master has found that these restrictions were imposed by the grantors in pursuance of a common scheme, which included not only the lots conveyed to the parties to this suit but also other lots in one large tract of land.   These restrictions were not to continue later than 1902.   All of the parties to this suit bought their lands in 1894.

One of the restrictions was: "That for the period of eight years from the date hereof, . . . no dwelling-house erected or placed on said land shall contain more than two tenements or be constructed for more than two families."   On this point the master found that the defendant's house was carried up three stories, and contained seventeen rooms, with a flat roof; that the defendant admitted that the construction adopted by him was available for three families, but testified that it was not to be used for more than two until after the eight year limit of the restriction had expired.   It seems to us very clear that the defendant's house was constructed for more than two families, and was in violation of the restriction.

The point chiefly relied upon by the defendant was that about August, 1899, the grantors had conveyed a number of lots, and had in each deed released all the restrictions; and that at or about this time, the defendant had an interview with the grantors' attorney, by whom the deeds of these lots and of all others sold previously had been prepared.   The master states that the tenor of this interview was in some dispute, but that it substantially appeared that the defendant then received an assurance from the attorney that, so far as the grantors were concerned, the restrictions would not be insisted upon, and probably also not by the other grantees.

We are of opinion that the master rightly ruled that, while the grantors could waive their own right to enforce restrictions, they could not derogate from the equitable easement to enforce restrictions, which vested in the plaintiffs at the date of their deeds.

The master was of opinion that considering the short time the restrictions were to run, and the other facts in the case, the plaintiffs might be compensated in damages. The case was then recommitted to the master to report the damages sustained by the plaintiffs respectively. A report to this effect was made accordingly, to which no exceptions were taken. The Superior Court entered a final decree for the plaintiffs for the sums so found due them; and the defendant appealed to this court.

As there is nothing open to the defendant on this branch of the case, and as we have already disposed of the questions which arise on the master's first report, the entry must be

*Decree affirmed, with costs.*