**CLAYTON OIL & REFINING CO. v. LANGFORD. (No. 932–4721.)**

Commission of Appeals of Texas, Section A. April 20, 1927.

1. **Sales** ☞89—Modification of contract by seller agreeing to reduce price for period on condition of return to contract price thereafter held based on consideration.

Modification of original contract to sell oil by seller agreeing to accept less than contract price for 30 days, and buyer agreeing to continue contract price thereafter, *held* based on sufficient consideration, which was forbearance by buyer of right to terminate contract providing for 30-day notice of termination.

2. **Sales** ☞89—Buyer cannot take benefits of agreement contract and repudiate burdens.

Under modified agreement of contract for sale of oil whereby seller agreed to reduction of price for 30 days on condition that contract price be continued thereafter, buyer could not take benefits of new agreement and repudiate its burdens.

3. **Sales** ☞89—Under modified agreement reducing price for certain period, buyer could not terminate original contract until expiration of period, and termination prior thereto repudiated modification and restored contract price.

Where contract for sale of oil providing for 30-day notice of termination was modified by seller agreeing to reduce contract price for 30 days on condition that contract price be continued thereafter, buyer, if intending to be bound by modification, could not terminate original contract until 30 days after expiration of period for reduced price, and termination of contract prior to expiration of period of reduced price was in effect repudiation of modified agreement restoring contract price.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by W. S. Langford against the Clayton Oil & Refining Company. Judgment for plaintiff for part of sum claimed was affirmed by the Court of Civil Appeals (286 S. W. 268), and defendant brings error. Affirmed.

Phillips, Townsend & Phillips and Tom Scurry, all of Dallas, for plaintiff in error.

Doty & Watkins, of Fort Worth, and Fitzgerald & Hatchitt, of Wichita Falls, for defendant in error.

NICKELS, J. The opinion of the honorable Court of Civil Appeals is reported in 286 S. W. 268, and that opinion includes a sufficient statement of the pleading and facts.

A review of the case has resulted in our agreement with the disposition made in the trial court and in the Court of Civil Appeals and in our disagreement with some of the reasons assigned for those dispositions.

Unquestionably, the relief given Langford is the proper relief, if the sale of his oil is governed by the terms of the contract made February 7, 1924. Likewise, it cannot be doubted, termination of that contract by the company as of April 29, 1924, through the giving of written notice thereof on March 29, 1924, was proper, and the company did not become liable at the contract rate for the oil mistakenly delivered to it by Langford through the Pipe Line Company on April 30, if the contract of February 7, 1924, was in effect according to its terms on March 29, 1924. And the contract of February 7, 1924,

was in effect throughout the period March 15, 1924, to April 29, 1924, inclusive, unless its operative force was suspended by the acts and conduct to be mentioned.

[1] The company averred, in defense, that on March 12, 1924, "by letter" it requested Langford to "modify" the contract of February 7, 1924, to the extent of reducing from 25 cents to 10 cents per barrel the stipulated "premium," and that this request was "agreed to and accepted" by Langford on March 15, 1924. The undisputed evidence, given its legal effect, shows, however, that Langford did not then, or at any time, agree to, or accept, the proposal made in the "letter." On the contrary, he had decided prior to March 15, 1924, that he "would not accept it." On that day, however, Mr. Mattingly, an agent of the company, and, so far as the record shows, duly authorized, for the company, made a new offer to the effect that, "if Langford would grant the concession for 30 days," the company would, at the end of the 30-day period, "revert back to the 25 cents premium, according to the contract"; i. e., the contract of February 7, 1924. And this offer Langford accepted. The latter proposal and acceptance make up whatever "modification" there was of the contract of February 7, 1924. This is an entirely different agreement from the one pleaded by the company, yet, under the general issue as made, it must be considered.

We have no difficulty in determining that there existed the essential meeting of the minds or the consideration necessary to support it, if, indeed, the original contract was of a character such as to require a new consideration. Existence of a consideration precludes the necessity of determining the latter question, and we do not notice it further than to call attention to the fact that the "particular thing" which the company had "contracted to do" originally was not merely to "take all of appellee's oil, if not in excess of 300 barrels per day; and pay a certain price therefor," for it had also specifically contracted for the privilege of terminating the arrangement by giving 30 days' notice. It was this right of termination, and forbearance of the right, which afford the consideration for the "modification," as found by the Court of Civil Appeals.

[2, 3] Nevertheless, the company could not take the benefits of the new agreement and repudiate its burdens. In consideration, in part, of Langford's concession in the matter of reducing the "premium" during the 30-day period, the company agreed that at the end of that period the original terms should measure the rights of both parties. The words used and acts done by Mattingly and Langford are not subject to an interpretation which would allow the company to secure, on March 15th, the right to have the oil at a reduced price

for 30 days, plus the right at any time thereafter to give notice which would prevent "reversion" to the "25 cents premium" at the end of the period. It did not have the latter right until April 15, 1924, and it could not lawfully terminate the original contract until May 15, 1924, if it intended to be obligated by the "modification" of March 15, 1924. Hence, when on March 29, 1924, it gave the notice terminating the original contract as of April 29, 1924, it repudiated the "modification" and, in effect, declared an intention to ignore it. This repudiation Langford had the right to accept; and it is shown that he did accept it, for by an unassailed finding made by the trial judge it is said that both parties treated the contract as ending on April 29, 1924, by reason of the notice of termination. His suit is evidence of his acceptance of the repudiation also. In another view, the conduct of the company brought about a total failure of that consideration which supported the "modification," and, thus gave Langford the right to have his oil paid for at the originally stipulated price pending termination of that contract according to its provisions. In either view, the obligatory force of the "modification" disappears and the contract of February 7, 1924, governed the price of the oil delivered up to and on April 29, 1924.

We are in agreement with the reasons given by the Court of Civil Appeals and the trial court in respect to the disposition of Langford's claims for oil delivered after April 29th.

Accordingly, we recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.