### WOODS et al. v. ZIMMERMAN et al.
### (No. 10184.)

Court of Civil Appeals of Texas. Dallas.
May 12, 1928.

1. Injunction ⚖══118(2)—Petition by purchasers of lots in district generally restricted to enjoin violations by defendants purchasing lots subject to restrictions stated case.

Petition by purchasers of lots in district to restrain erection of apartment house in residential district, alleging that owners of land in district agreed to restrict district to single dwelling houses and to place title to all property in bank to carry out restrictions, that lots were sold to defendants subject to restrictions which placed servitude on land for mutual benefit of every purchaser of lots in district, entitling each purchaser to enforce restrictions, that bank holding title agreed to modification of restrictions as to defendants' lots to permit erection of apartment, stated cause of action warranting equity in granting injunctive relief.

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Covenants** ⟜69(2)—**Grantor generally restricting district could not modify deed to one purchaser in violation of restrictions in other deeds.**

Where grantor creates general scheme of improvement, and restrictions are placed in deed to lots, grantor could not modify restriction as to violate restrictive covenant placed in other deeds to property, since, though entitled to waive own right, he could not destroy rights of grantees purchasing under general scheme.

**3. Easements** ⟜61(8)—**On general demurrer to petition to restrain violation of easement in land, it is presumed that easement was in writing, unless it affirmatively appears oral.**

Petition to restrain violation of restrictive covenant in land *held* not demurrable under statute of frauds for failure to allege easement was evidenced by writing, where it did not affirmatively appear from petition that easement was only evidenced by verbal agreement, and, unless it does so affirmatively appear, it will be presumed, as against general demurrer, that easement was created in manner required by law.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by John W. Woods and others against J. R. Zimmerman and others. Judgment for defendants, and plaintiffs appeal. Reversed, and remanded for trial on merits.

Burgess, Burgess, Chrestman & Brundidge and S. P. Sadler, all of Dallas, for appellants.

Read, Lowrance & Bates and Cockrell, McBride, O'Donnell & Hamilton, all of Dallas, for appellees.

JONES, C. J. This suit was instituted in a district court of Dallas county by appellants, John W. Woods and seven others as joint plaintiffs, to restrain appellees, J. R. Zimmerman, the Dallas Trust & Savings Bank, a corporation, and G. L. Crofford and G. L. Crofford, Jr., the two latter as individuals and as a copartnership, from erecting and using an apartment house situated in Munger Place Heights, an addition to the city of Dallas. While the suit was primarily for an injunction, recovery of damages was also sought. The trial court sustained a general demurrer to appellants' petition, and judgment final by dismissal was entered. The appeal has been duly perfected from this judgment. The question for review is: Do the allegations in the petition for injunction state such a cause of action as would warrant a court of equity in granting appellants injunctive relief? The following is a fair summary of the material allegations in a very voluminous petition:

That there were several owners of the land embraced in the addition known as Munger Place Heights; that these owners agreed among themselves to syndicate this property in order that it might be platted into streets, blocks, and lots, for development as a highly restricted residential addition, and further agreed upon the character of restrictions that should be placed upon the entire property to effectuate this purpose; that these restrictions were to be evidenced by restrictive covenants placed in every deed to property sold in such addition; that one of such restrictions was that all lots to be platted in said addition abutting on Gaston avenue and Paulus street should be restricted to the construction of one single private dwelling house and necessary servants and other outhouses on each of said lots, which should be used for private dwelling purposes only; that said owners would place the title to all of said property in appellee the Dallas Trust & Savings Bank, for the purpose of carrying out the intent of the owners to develop same as a highly restricted residential addition; that, before any of the property in said addition was sold, the legal title to same was placed in said appellee, and it thereupon had said property platted and duly dedicated as an addition to the city of Dallas, the dedication deed with the plat was duly recorded, but did not show any of the restrictions; that the Dallas Trust & Savings Bank placed all lots in said addition, and especially those on Gaston avenue and Paulus streets, subject to the restrictions above mentioned, and sold all lots with the restrictive covenants in each deed; that appellants each purchased lots for their respective homes with such restrictive covenants in each deed, and were caused to purchase same and pay the price therefor by reason of the fact that it was represented to each of them, and each understood, that no lot abutting on Gaston avenue and Paulus street could be used for other than a single private residence; that nearly all of appellants had constructed their homes on the lot so purchased by each; and that the others each intended to construct a home on his lot. It is alleged that the intent of the owners was to make the restrictions apply to every lot to be sold in Munger Heights addition, and especially those lots abutting on Gaston avenue and Paulus street, and make such restrictive covenants to run with the land; that such was the legal effect of the restrictive covenants placed in each deed to all lots sold by the Dallas Trust & Savings Bank, and these covenants thereby became mutually binding, not only on such purchasers, but on all subsequent purchasers, for the period of time named in the covenants. It is also alleged, in effect, that these restrictive covenants placed a servitude on the said land that was for the mutual benefit of every purchaser of a lot from the Dallas Trust & Savings Bank or its vendee, and that the said agreements and restrictive covenants evidenced the fact that the owners of

the tract of land had inaugurated a general scheme of improvement for the entire tract embraced in Munger Heights addition for their own benefit, as well as for the benefit of each subsequent purchaser of a lot, and that thereby each said purchaser had the right to enforce, as against the owners or any subsequent purchaser, such restrictions.

The effect of the petition further is that appellee Zimmerman purchased two lots abutting on Paulus street in Munger Heights addition, from the Dallas Trust & Savings Bank; that, at the time of the purchase, Zimmerman knew of the restrictive covenants, and knew of the rights of each purchaser of a lot to enforce such restrictive covenants; that, contrary to the inaugurated scheme of improvement, contrary to the restrictive covenants, and in violation of the rights of appellants, the Dallas Trust & Savings Bank and Zimmerman unlawfully agreed to . modify the restrictions as to Zimmerman's lots, so as to permit him to erect on same an apartment house designed and to be used for four families; that, by reason of such agreement between said appellees, and by reason of the construction, over the repeated protests of appellants, of such apartment house, they had suffered substantial damages to the property each had purchased in said addition. It was further alleged that the other appellees herein were contractors employed to build and construct, and, at the time of the trial, had actually constructed for Zimmerman said apartment house, and that appellants had actually suffered damages each in the sum of 50 per cent. of the purchase price of his lot.

[1] The foregoing is given as a brief summary of the facts alleged in the very lengthy petition filed by appellants. We are of the opinion that, if the facts therein alleged are established by proper proof, appellants are entitled to the equitable relief for which they pray.

In the case of Couch v. Southern Methodist University, 290 S. W. 256, this court announced the rule of law, under a very similar state of facts, to be:

"It may be stated generally that, where a common grantor opens up a tract of land to be sold in lots and blocks, and, before any lots are sold, inaugurates a general scheme of improvement for such entire tract intended to enhance the value of each lot, and each lot, subsequently sold by such grantor, is made subject to such scheme of improvement, there is created and annexed to the entire tract what is termed a negative equitable easement, in which the several purchasers of lots have an interest, and between whom there exists mutuality of covenant and consideration."

[2] This court held in that case that several purchasers of lots, impressed and burdened with an equitable easement created by a general scheme of improvement, inaugurated by the owners of the property and placed in each deed in the form of restrictive covenants, could enforce the equitable easement thus created against other purchasers of lots, likewise impressed and burdened with such easements, even though no deed recited that the covenants were made for the benefit of all purchasers of lots in the addition. In the instant case it is alleged that the restrictive covenant placed in Zimmerman's deed was modified to the extent as to violate one of the restrictive covenants that had been placed in all other deeds to the property. This the grantor could not do; for, while he could waive his own right, he could not destroy the rights of his grantees purchasing under the scheme he had inaugurated. 18 C. J. 395; Ivarson v. Mulvey, 179 Mass. 141, 60 N. E. 477.

[3] Appellee's contention that the petition is subject to demurrer under the statute of frauds, for failure to allege that the negative easement was evidenced by written instrument, cannot be sustained. This doctrine only applies where it appears from the petition that such easement was only evidenced by a verbal agreement. Unless it does so affirmatively appear as against a general demurrer, it will be presumed that the alleged easement was created in the manner required by law. Quanah, A. & P. Ry. Co. v. Wiseman (Tex. Civ. App.) 247 S. W. 695; King v. Murray (Tex. Civ. App.) 135 S. W. 255; and authorities cited in these cases.

Believing that a cause of action was alleged by appellants, it follows that this case must be reversed and remanded for a trial on its merits.

Reversed and remanded.