**E. H. FARMER, Appellant,**

v.

**W. E. THOMPSON et al., Appellees.**

No. 15697.

Court of Civil Appeals of Texas.

Fort Worth.

March 30, 1956.

Rehearing Denied April 27, 1956.

E. M. Mann, Wichita Falls, for appellant.

Nelson & Sherrod and Walter Nelson, Jr., Wichita Falls, for appellee.

BOYD, Justice.

On May 29, 1923, W. B. Chauncey, Frank Kell, R. E. Howell, and J. V. Howell, the owners of contiguous tracts of land in Witchita County, executed and on June 15, 1923, filed for record a plat and dedication of the land as Indian Heights Addition to the City of Wichita Falls. On September 26, 1924, the dedicators executed and filed an agreement restricting the Addition to residential use, providing that "Only one residence shall be constructed on one lot, (except Lot Two and Three in Block Four, on which three houses may be built, one to each one hundred ten feet) * * *. It is agreed by the parties hereto that when any of the owners of said property sell same, then the restrictions above mentioned

will be embodied in the deed and become a part of the consideration therefor, and shall constitute a covenant running with the realty, and in the event the grantee in said deed or those holding under him or her shall breach the agreement then the property shall at once revert to and the title thereof be revested in the grantor. These obligations are to be binding upon and inure to the benefit of all purchasers in said addition from either of us, their heirs and assigns." This instrument was recorded in Vol. 227, page 38, of the Deed Records.

On March 28, 1925, an Amended plat and dedication was executed by all the then property owners in Indian Heights Addition, which was filed on April 23, 1925, and recorded in Vol. 238, page 140, of the Deed Records. The Amended plat created additional lots by cutting down the size of the lots delineated on the original plat. The Amended dedication contained the following:

"And it is further agreed by said owners that the restrictions as executed and filed for record in Deed Records in Volume 227, page 38, * * * shall be modified and changed to read as follows:

"(a) That only one residence shall be constructed on one lot as per revised plat of said Addition, * * *.

    *     *     *     *     *     *

"(d) And that all provisions made and filed for record in Volume 227, page 38, in the Deed Records of Wichita County, Texas, which are not in conflict with the agreements herein provided, shall not be affected by this agreement and are still in force and effect."

According to the original and Amended plats, Onaway Trail lay between Blocks 3 and 10, the north line of Lot 1, Block 3, extending along the south line of Onaway Trail on the concave side of a curve.

On August 7, 1925, Kell, one of the original dedicators, without being joined by any other owner in the Addition, executed a plat and dedication known as the Revised Subdivision of Blocks 3, 4, 9 and 10, of Indian Heights Addition. This instrument was filed August 31, 1925. The Revised plat relocated Onaway Trail by moving it farther north, leaving more land in the Addition south of this street than did the original and Amended plats. The Revised plat created an additional lot, composed of the abandoned portion of Onaway Trail, a part of Block 10, and apparently a part of Lot 1, Block 3, of the Amended plat. This new lot was designated as Lot 1-A of Block 3.

On October 12, 1925, the City Council of Wichita Falls passed Ordinance No. 632 which, after reciting that the owners of the Addition desired to pave a portion of its streets, and that the City Engineer, having been instructed to make grades and prepare profiles, discovered that Onaway Trail and Indian Heights Boulevard between Block 10 and Lot 1, Block 3, of the Amended plat did not drain properly, recommended to the abutting property owners that said streets be changed so as to improve the drainage, and that the Council found that it would be to the best interest of the public and the abutting property owners to make said changes, ordained "That the changes made in said Onaway Trail and Indian Heights Boulevard, which are shown by said map of the revised subdivision of said Blocks 3-4-9-10 of the Indian Heights Addition be, and the same are hereby accepted and approved by the Board of Aldermen and that said map is hereby accepted and approved by the Board of Aldermen and said streets as heretofore laid out on said former plat of said Indian Heights Addition, which is hereby attached and marked Exhibit 'A', are changed, vacated and shall hereafter conform to the streets as set forth in said revised map of said Addition and marked Exhibit 'B'."

The new Lot 1-A of Block 3 is now owned by appellant Farmer, upon which he proposes to construct a residence. Farmer purchased Lots 1 and 1-A on December 29, 1954, and sold Lot 1 to J. W. Cooksey on December 31, 1954. Before Cooksey bought Lot 1, the title to both lots had at all times been in a common owner. Cooksey constructed a residence on his lot before the

trial. He testified that before he began the construction, one of the appellees told him that objection would be made if more than one residence should be constructed on the two lots, and that he told appellant Farmer about the conversation and that Farmer had no objection to Cooksey's building on Lot 1.

Appellees, W. E. Thompson and thirty-five other property owners in Indian Heights Amended Addition filed this suit against appellant Farmer and J. W. Cooksey for a judgment declaring that the restrictions prohibiting the building of more than one residence on one lot as designated in the Amended plat and dedication are in force; that such restrictions prohibit the building of more than one residence on the land designated as Lots 1 and 1-A of Block 3 of the Revised Subdivision; and perpetually enjoining Farmer and Cooksey from constructing a second residence on either said Lot 1 or Lot 1-A.

Appellant Farmer pleaded general denial, the two and four year statutes of limitation, laches, waiver, and estoppel, and that the building restrictions had no application to his lot because the City of Wichita Falls, in exercise of its right of eminent domain, passed an ordinance changing Onaway Trail on which appellant's property abuts and added Lot 1-A in Block 3 of the Revised Subdivision of said Addition. Cooksey asked for judgment declaring that his residence on Lot 1 had been constructed in compliance with the restrictions.

In a trial to the court, judgment was rendered that the original plat and dedication, as amended on March 28, 1925, by the Amended plat and dedication, is the valid and binding plat and dedication of said Addition; that the restrictive covenants contained in the agreement of September 26, 1924, as amended by the Amended dedication executed on March 28, 1925, are valid, binding and in force; that the building of more than one residence on Lot 1 and Lot 1-A of Block 3, as designated by the Revised plat executed by Kell, would be in violation of the restrictive covenants;

that Cooksey has the building rights which run with Lot 1 of Block 3 of the Amended dedication executed on March 28, 1925; that appellant is bound by the restrictions prohibiting the building of more than one dwelling on each lot as platted by the March 28, 1925 Amended plat and dedication. Appellant was perpetually enjoined from erecting a residence on Lot 1-A of Block 3 as designated by the Revised plat executed by Kell. Farmer alone appealed.

Appellant has a number of points of error which are, in substance, that the building restrictions were abrogated by the act of the City in changing Onaway Trail and thereby creating Lot 1-A in Block 3; that said lot was not in existence at the time the building restrictions were created; that the court erred in admitting in evidence the instruments containing the restrictions because said restrictions were entered into more than six months prior to the passage of the ordinance changing the location of Onaway Trail; that the injunction was a denial of appellant's right to use his property and amounted to confiscation of same; that the court erred in overruling appellant's pleas of the two and four year statutes of limitation; that it was error to grant the injunction because appellees were guilty of laches; and that the court erred in overruling his pleas of waiver and estoppel.

We agree with appellant that building restrictions created by property owners are subject to the sovereign right of eminent domain. Restrictions which if enforced would impair that right, are against public policy. City of Houston v. Wynne, Tex.Civ.App., 279 S.W. 916, writ refused; City of River Oaks v. Moore, Tex.Civ.App., 272 S.W.2d 389. Neither can it be contended that a city is without authority to alter, straighten, extend, widen, narrow, and control its streets. Articles 1107 and 1146, R.C.S., Vernon's Ann. Civ.St. But did Kell's act in filing the Revised plat and the City's act in approving it and relocating Onaway Trail abrogate or impair the validity of the existing contractual restrictions?

The power of a city to zone does not override covenants in existence at the time the zoning ordinance is passed. Spencer v. Maverick, Tex.Civ.App., 146 S.W. 2d 819; 26 C.J.S., Deeds, § 171, p. 577; Ludgate v. Somerville, 121 Or. 643, 256 P. 1043, 54 A.L.R. 837. In Witte v. Sebastian, Tex.Civ.App., 278 S.W.2d 200, the owner of a lot burdened with the restriction that only one residence could be built thereon, filed a replat dividing the lot into three lots, which replat was approved by the City Planning Commission. The owner's vendee proposed to build a residence on each of the three lots. It was held that the restrictive covenant was not abrogated by the replat, and that the approval of the replat by the Planning Commission meant only that it conformed to the city zoning requirements.

Undoubtedly, all the property owners in the Addition had the right to modify the contractual restrictions. But it requires the same mutuality to vary the restrictions as it did to create them. One party cannot modify a completed contract, nor can one owner in a restricted subdivision modify the restrictions without the concurrence of all the others. 10 Tex.Jur., p. 356, sec. 203; Woods v. Zimmerman, Tex.Civ.App., 8 S.W.2d 352; Shapleigh Hardware Co. v. Wells, 90 Tex. 110, 37 S.W. 411; Clayton Oil & Refining Co. v. Langford, Tex.Com. App., 293 S.W. 559; Pittman & Harrison Co. v. Knowlan Mach. & Supply Co., Tex. Civ.App., 216 S.W. 678; Barreda v. Craig, Thompson & Jeffries, Tex.Com.App., 222 S.W. 177; Sayles v. Owens, Tex.Civ.App., 161 S.W.2d 542; Benbow v. Boney, Tex. Civ.App., 240 S.W.2d 438, writ refused; 12 Tex.Jur., p. 173, sec. 108.

We are constrained to hold that although the relocation of Onaway Trail was beneficial to the other property owners in the Addition and to the public at large, the creation of Lot 1–A in Kell's replat of a part of the Addition did not authorize the erection of another residence which was not permissible under the restrictions governing the Amended plat. If the owner of part of an addition can, with the approval of the city, change restrictions so as to add one new building lot, we do not understand why any number of additional lots could not be created in that way, thus destroying the entire plan of the dedicators.

We do not think the court erred in overruling the pleas of the two and four year statutes of limitation. Appellant invoked Articles 5526a and 5529, R.C.S. Article 5526a prescribes a limitation of two years for actions for relief in the matter of abandoning or closing a street; and Article 5529 prescribes a limitation of four years for actions for which no limitation is otherwise prescribed, except for the recovery of real estate.

Clearly, the instant case is not such a proceeding as is contemplated by Article 5526a; and there is no evidence that either appellant or Cooksey had attempted or proposed to construct any building on either Lot 1 or Lot 1–A until a few months before the suit was filed. Arrington v. Cleveland, Tex.Civ.App., 242 S.W.2d 400, writ refused.

Appellant's defense of laches is based upon the allegation that appellees stood silently by and failed to urge objections to the construction of improvements "on said property for more than twenty-nine years." Other than the paving of streets, there was no attempt to erect improvements on either Lot 1 or Lot 1–A before appellant sold Lot 1 to Cooksey December 31, 1954. Other lots in the Addition had been improved through the years, but not more than one residence had been built on any one lot as designated in the Amended plat. We do not think that appellant's point involving laches is well taken. Arrington v. Cleveland, supra.

The court's refusal to sustain appellant's defenses of waiver and estoppel is treated in his brief as a single point of error. He says that "because the City of Wichita Falls in order to correct defective drainage on Onaway Trail, in the exercise of the right of eminent domain passed Ordinance 632, changing the location of Onaway Trail, which created a new lot, to wit, Lot No. 1–A in Block No. 3 of the Revised Sub-

division of said Indian Heights Addition, and Appellees and those under whom they claimed for more than twenty-nine years prior to the filing of their suit stood by and, allowed Appellant, E. H. Farmer, and those under whom he claims, to pay all taxes levied by the taxing authorities, and to pave the streets in front of and adjacent to said property at their own expense, and allowed said lot to be bought and sold by reference to the recorded map or plat of said Revised Subdivision of Indian Heights Addition," and "because Appellees have violated the same building restrictions themselves," appellees have waived the restrictions so far as appellant is concerned, and are estopped from setting same up against appellant.

The lots here involved were several times bought, advertised for sale, and sold, and many times rendered for taxes under the designations "Lot 1, Block 3," and "Lot 1–A, Block 3." They were so described in paving liens executed in connection with paving of the streets; and in the building permit given by the City to build on appellant's lot, the lot was described as "Lot 1–A Block 3 Indian Hts. Addition." It was shown that one of the appellees constructed a residence just across the street from Lot 1–A which was within 12.5 feet of the front property line when the restrictions required such building to be at least 40 feet from the line. It is undisputed that appellees had notice of the relocation of Onaway Trail, the paving of the streets, and the building of one house within 12.5 feet of the front property line.

We do not believe that the defenses of waiver and estoppel have been established. "Waiver" is the voluntary relinquishment of a known right. 92 C.J.S., p. 1041. "Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, of contract, or of remedy." Pomeroy's Equity Jurisprudence, Vol. 3, p. 189, sec. 804.

When it became apparent that appellant intended to construct a residence on Lot 1–A, some of the appellees protested to him, and told him that they intended to enforce the restriction against the erection of more than one dwelling on each lot delineated on the Amended plat. This suit was filed almost immediately thereafter. One of the appellees offered to buy the lot and pay appellant what it had cost him. We do not see how the conduct of appellees misled appellant to his injury.

It has been held that persons entitled to the benefit of building restrictions may enforce one or more of them without enforcing others. Timms v. Griffith, Tex. Civ.App., 68 S.W.2d 535. Especially is this true where permitting previous violations did not evidence an abandonment of the general plan, or the violations were trivial, or remote from the plaintiff's land, or differed widely in character from the violations sought to be restrained. Arrington v. Cleveland, supra; Faubian v. Busch, Tex. Civ.App., 240 S.W.2d 361; Briggs v. Hendricks, Tex.Civ.App., 197 S.W.2d 511; Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506; Green v. Gerner, Tex.Civ.App., 283 S.W. 615; Spencer v. Maverick, supra; 26 C.J.S., Deeds, § 169, p. 565.

Appellant's statement that he has the constitutional right to use his property so long as his use of it does not interfere with the rights of others, is a proposition of undoubted validity. But if the covenant against the erection of more than one residence on each lot would be violated by appellant's proposed use of his land, that use would interfere with the rights of appellees, unless they have lost those rights as contended by appellant.

We have considered all of appellant's points, and finding no error, the judgment is affirmed.