COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-03-293-CV

  
BIJAN 
YOUSSEFZADEH, MUSSA,                                          APPELLANTS
INC., 
NARY SON LIEU, AND
THONG 
BUN LIEU
 
V.
 
BLANCHE 
BROWN, ESTER                                                       APPELLEES
RODRIGUEZ, 
ELLOUISE B.
HUNNICUTT, 
AND PATSY L.
BUCCIERI
 
------------
 
FROM 
THE 67TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I. Introduction and Procedural Background
        This 
case involves the ability of a landowner to modify restrictive covenants on his 
property. The genesis of this lawsuit is the construction and operation of Fat 
Cat’s Liquor Store in the Southland Terrace, Fifth Filing Addition, a 
subdivision located in the City of Fort Worth. In the trial court, plaintiffs 
and subdivision lot owners Blanche Brown, Ester Rodriguez, Ellouise B. Hunnicutt, 
and Patsy L. Buccieri (collectively, “Brown”[1]) 
sought to establish that certain restrictive covenants governing the liquor 
store property prohibited such use, while defendants, present and former 
property owners and liquor store owner/operators Bijan Youssenfazadeh, Mussa 
Inc., Nary Son Lieu, and Thong Bun Lieu (collectively, “Lieu”), sought to 
establish the right to such use, both parties filing cross-motions for summary 
judgment. The trial court (1) granted Brown’s motion for summary judgment, 
thereby enjoining the operation of the liquor store as violative of restrictive 
covenants on the property, assessing civil damages pursuant to the Texas 
Property Code, and awarding Brown attorneys’ fees; (2) denied Lieu’s motion 
for summary judgment, and (3) entered a final judgment in accordance therewith. 
This appeal resulted. A subsequent order modified the final judgment reflecting 
the death of Thong Bun Lieu and is not an issue before this court.
II. Factual Background
        In 
April 1954, the instrument entitled “Dedication of Southland Terrace, Fifth 
Filing, an Addition to the City of Fort Worth, Tarrant County, Texas” (the 
“1954 Dedication”) was filed with the county clerk. Paragraph one of the 
instrument states in part that ”[a]ll lots in the Addition shall be known and 
described as residential lots, with the exception of Block 24, which has been 
reserved for commercial development.” Paragraph nine of the instrument states 
in part:
 
These 
covenants are to run with the land and shall be binding on all the parties and 
all persons claiming under them until March, 1984, at which time said covenants 
shall be automatically extended for a successive period of ten years unless by a 
vote of the majority of the then owners of the lots it is agreed to change the 
said covenants in whole or in part.

 
No 
other language in the 1954 Dedication provides any other method for changing the 
covenants contained in the instrument, and no reservation of a right to amend 
was withheld by the dedicators.
        Nevertheless, 
in May 1961, after a number of lots in the addition had been sold, a document 
entitled “Amendment to Dedication of Block 24, Southland Terrace, Fifth 
Filing, an Addition to the City of Fort Worth, Tarrant County, Texas” (the 
“1961 Amendment”) was filed by Ryan and Wean Properties, Inc., owners of 
Block 24. Paragraph two stated:
 
The 
east part of said Block 24, being all of said Block 24 except the west 151.4 
feet thereof, shall never be used for a purpose less restrictive than that 
permitted by the Zoning Ordinances of the City of Fort Worth in effect on May 
12, 1961, for property zoned “A-one family residential,” nor shall the 
present zoning of said east part of Block 24 which is “A-one family 
residential” ever be changed or modified so as to permit the auxiliary use of 
such property as a parking area for passenger automobiles for use by customers 
of business establishments located on the west part of said Block 24.

 
        Paragraph 
three stated, “This amendment . . . imposes additional restrictions on Block 
24 thereof not in conflict with the provisions of the original dedication 
thereof and in all other respects than that mentioned herein, the provisions of 
said original dedication shall apply and control.” The owner of Block 24 
thereby attempted to change the characterization of Block 24 from commercial use 
to part commercial and part residential use. While the change of use applied 
only to Block 24, the 1961 Amendment’s stated purpose was “to carry out a 
general plan for the protection, use and benefit of each and every purchaser of 
a lot or lots in said Southland Terrace, Fifth Filing.”
        Fat 
Cat’s Liquor Store opened November 12, 2001, on Block 24 and would be 
violative of the 1961 Amendment if the amendment is valid. The question 
presented to this court in Lieu’s first two issues is whether the trial court 
erred by granting Brown’s motion for summary judgment, thereby validating the 
1961 Amendment, and by denying Lieu’s summary judgment, wherein Lieu sought to 
have the amendment declared void. These issues are answered by determining 
whether in 1961 the owners of Block 24 could place additional restrictions on 
its use without following the procedures outlined in the 1954 Dedication. 
Lieu’s third issue on appeal concerns civil damages assessed under section 
202.004(c) of the Texas Property Code.
III. Standard of Review
        In 
a summary judgment case, the issue on appeal is whether the movant met his 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. Power Co. v. 
Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear Creek 
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the 
movant, and all doubts about the existence of a genuine issue of material fact 
are resolved against the movant. S.W. Elec. Power Co., 73 S.W.3d at 215; Rhone-Poulenc, 
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Great Am. Reserve Ins. 
Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). 
Therefore, we must view the evidence and its reasonable inferences in the light 
most favorable to the nonmovant. Great Am., 391 S.W.2d at 47.
        In 
deciding whether there is a material fact issue precluding summary judgment, all 
conflicts in the evidence are disregarded and the evidence favorable to the 
nonmovant is accepted as true. Rhone-Poulenc, 997 S.W.2d at 223; Harwell 
v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Evidence 
that favors the movant's position will not be considered unless it is 
uncontroverted. Great Am., 391 S.W.2d at 47.
        The 
summary judgment will be affirmed only if the record establishes that the movant 
has conclusively proved all essential elements of the movant's cause of action 
or defense as a matter of law. Clear Creek Basin, 589 S.W.2d at 678.
        When 
both parties move for summary judgment and the trial court grants one motion and 
denies the other, the reviewing court should review both parties’ summary 
judgment evidence and determine all questions presented. Dow Chem. Co. v. 
Bright, 89 S.W.3d 602, 605 (Tex. 2002). The reviewing court should render 
the judgment that the trial court should have rendered. Id.
IV. Application of the Law to the Facts
        At 
the trial court, Brown sought to validate the 1961 Amendment and enforce the 
residential use restrictive covenant, and therefore had the burden of proof to 
show that all necessary legal requisites were established to yield an effective 
binding and mutually enforceable restriction. McCart v. Cane, 416 S.W.2d 
463, 465 (Tex. Civ. App.—Fort Worth 1967, writ ref’d n.r.e.). This court 
addressed the interpretation of restrictive covenants in Dyegard Land 
Partnership v. Hoover, 39 S.W.3d 300 (Tex. App.—Fort Worth 2001, no pet.), 
observing that
 
[r]estrictive 
covenants are subject to general rules of contract construction. In construing a 
restrictive covenant, the court’s primary task is to determine the intent of 
its framers. Covenants restricting the [covenant of] the land are not favored by 
the courts but when they are confined to a lawful purpose and are clearly 
worded, they will be enforced. Words used in a restrictive covenant may not be 
enlarged, extended, stretched, or changed by construction. Rather, words and 
phrases used in the covenant must be given their commonly accepted meaning.

 
Id. 
at 308 (citations omitted). A subdivision developer is generally free to amend 
restrictions in covenants for the subdivision prior to the sale of lots in the 
subdivision, assuming the amendments do not violate public policy. Hill v. 
Trigg, 286 S.W. 182, 183 (Tex. Comm’n App. 1926, judgm’t adopted). 
However, the sale of subdivision lots triggers any amendment mechanism set forth 
in the dedication. Dyegard, 39 S.W.3d at 313. When the power to amend the 
land use restriction is reserved in the developer, the amendment of a 
restrictive covenant must be in the precise manner authorized by the dedicating 
agreement. Id. The same “precise manner” requirement should logically 
be required when the amendment mechanism lies other than with the developer.
        In 
this case, the 1954 Dedication provided no mechanism whereby an owner of 
property in the subdivision could unilaterally alter the covenant’s 
restrictive use of the property. Rather, pursuant to Paragraph nine of the 1954 
Dedication, the covenants continued in place from 1954 until 1984, after which 
time a majority of the property owners could amend the 1954 Dedication. 
Therefore, the plain and unambiguous wording of the 1954 Dedication leads to the 
conclusion that the attempted 1961 Amendment, utilizing an amendment method not 
called for in the 1954 Dedication to divide commercial-use Block 24 into both 
commercial and residential use, was not in the “precise manner” called for 
in the 1954 Dedication and, therefore, was of no force and effect.
        Brown 
argues that the amended restrictions are limited to Block 24 and there is no 
attempt to modify or change the restrictions, conditions, or limitations to the 
subdivision as a whole, and furthermore that the restrictions enhance the other 
lots by creating a residential lot between the commercial portion of Block 24 
and the residential lots of the neighborhood. Were this court to follow that 
reasoning, every lot owner could place restrictions on his own lot, and a 
uniformly planned subdivision could fall into disarray. See Farmer v. 
Thompson, 289 S.W.2d 351, 355 (Tex. Civ. App.—Fort Worth 1956, writ 
ref’d n.r.e.).
V. Conclusion
        We 
sustain Lieu’s first two issues and find that the trial court erred by 
granting Brown’s motion for summary judgment, and by denying Lieu’s motion 
for summary judgment. We reverse the judgment for Brown and render judgment that 
Brown take nothing. Judgment is rendered for Lieu that the 1954 Dedication alone 
sets forth restrictive covenants applicable to Block 24. Because of our 
disposition of these issues, we do not reach Lieu’s third issue.


  
                                                                  BOB 
MCCOY
                                                                  JUSTICE

  
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
DELIVERED: 
March 11, 2004


NOTES
1.  
The Brown plaintiffs obtained, by assignment, all rights of the dedicators of 
the 1961 Amendment.