YOUSSEFZADEH V. BROWN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-293-CV

BIJAN YOUSSEFZADEH, MUSSA,      APPELLANTS

INC., NARY SON LIEU, AND 

THONG BUN LIEU 

V.

BLANCHE BROWN, ESTER APPELLEES

RODRIGUEZ, ELLOUISE B. 

HUNNICUTT, AND PATSY L. 

BUCCIERI 

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I.  Introduction
 
and Procedural Background

This case involves the ability of a landowner to modify restrictive covenants on his property.  The genesis of this lawsuit is the construction and operation of Fat Cat’s Liquor Store in the Southland Terrace, Fifth Filing Addition, a subdivision located in the City of Fort Worth.  In the trial court, plaintiffs and subdivision lot owners Blanche Brown, Ester Rodriguez, Ellouise B. Hunnicutt, and Patsy L. Buccieri (collectively, “Brown”
(footnote: 1)) sought to establish that certain restrictive covenants governing the  liquor store property prohibited such use, while defendants, present and former property owners and liquor store owner/operators Bijan Youssenfazadeh, Mussa Inc., Nary Son Lieu, and Thong Bun Lieu (collectively, “Lieu”), sought to establish the right to such use, both parties filing cross-motions for summary judgment.  The trial court (1) granted Brown’s motion for summary judgment, thereby enjoining the operation of the liquor store as violative of restrictive covenants on the property, assessing civil damages pursuant to the Texas Property Code, and awarding Brown attorneys’ fees; (2) denied Lieu’s motion for summary judgment, and (3) entered a final judgment in accordance therewith.  This appeal resulted.  A subsequent  order modified the final judgment reflecting the death of Thong Bun Lieu and is not an issue before this court.

II.  Factual Background

In April 1954, the instrument entitled “Dedication of Southland Terrace, Fifth
 Filing, an Addition to the City of Fort Worth, Tarrant County, Texas” (the “1954 Dedication”) was filed with the county clerk.  Paragraph one of the instrument states in part that ”[a]ll lots in the Addition shall be known and described as residential lots, with the exception of Block 24, which has been reserved for commercial development.”  Paragraph nine of the instrument states in part:

These covenants are to run with the land and shall be binding on all the parties and all persons claiming under them until March, 1984, at which time said covenants shall be automatically extended for a successive period of ten years unless by a vote of the majority of the then owners of the lots it is agreed to change the said covenants in whole or in part.  

No other language in the 1954 Dedication provides any other method for changing the covenants contained in the instrument, and no reservation of a right to amend was withheld by the dedicators.

Nevertheless, in May 1961, after a number of lots in the addition had been sold, a document entitled “Amendment to Dedication of Block 24, Southland Terrace, Fifth
 Filing, an Addition to the City of Fort Worth, Tarrant County, Texas” (the “1961 Amendment”) was filed by Ryan and Wean Properties, Inc., owners of Block 24.  Paragraph two stated:

The east part of said Block 24, being all of said Block 24 except the west 151.4 feet thereof, shall never be used for a purpose less restrictive than that permitted by the Zoning Ordinances of the City of Fort Worth in effect on May 12, 1961, for property zoned “A-one family residential,” nor shall the present zoning of said east part of Block 24 which is “A-one family residential” ever be changed or modified so as to permit the auxiliary use of such property as a parking area for passenger automobiles for use by customers of business establishments located on the west part of said Block 24. 

Paragraph three stated, “This amendment . . . imposes additional restrictions on Block 24 thereof not in conflict with the provisions of the original dedication thereof and in all other respects than that mentioned herein, the provisions of said original dedication shall apply and control.”  The owner of Block 24 thereby attempted to change the characterization of Block 24 from commercial use to part commercial and part residential use.  While the change of use applied only to Block 24, the 1961 Amendment’s stated purpose was “to carry out a general plan for the protection, use and benefit of each and every purchaser of a lot or lots in said Southland Terrace, Fifth Filing.”

Fat Cat’s Liquor Store opened November 12, 2001, on Block 24 and would be violative of the 1961 Amendment if the amendment is valid.  The question presented to this court in Lieu’s first two issues is whether the trial court erred by granting Brown’s motion for summary judgment, thereby validating the 1961 Amendment, and by denying Lieu’s summary judgment, wherein Lieu sought to have the amendment declared void.  These issues are answered by determining whether in 1961 the owners of Block 24 could place additional restrictions on its use without following the procedures outlined in the 1954 Dedication.  Lieu’s third issue on appeal concerns civil damages assessed under section 202.004(c) of the Texas Property Code.

III.  Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co., 
73 S.W.3d at 215;
 Rhone-Poulenc, Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.  
Rhone-Poulenc,
 997 S.W.2d at 223; 
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the movant's position will not be considered unless it is uncontroverted.  
Great Am.
, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties’ summary judgment evidence and determine all questions presented.  
Dow Chem. Co. v. Bright
, 89 S.W.3d 602, 605 (Tex. 2002).  The reviewing court should render the judgment that the trial court should have rendered.  
Id
.

IV.  Application of the Law to the Facts

At the trial court, Brown sought to validate the 1961 Amendment and enforce the residential use restrictive covenant, and therefore had the burden of proof to show that all necessary legal requisites were established to yield an effective binding and mutually enforceable restriction.  
McCart v. Cane
, 416 S.W.2d 463, 465 (Tex. Civ. App.—Fort Worth 1967, writ ref’d n.r.e.).  This court addressed the interpretation of restrictive covenants in 
Dyegard Land Partnership v. Hoover
, 39 S.W.3d 300 (Tex. App.—Fort  Worth 2001, no pet
.
), observing that 

[r]estrictive covenants are subject to general rules of contract construction.  In construing a restrictive covenant, the court’s primary task is to determine the intent of its framers. Covenants restricting the [covenant of] the land are not favored by the courts but when they are confined to a lawful purpose and are clearly worded, they will be enforced.  Words used in a restrictive covenant may not be enlarged, extended, stretched, or changed by construction.  Rather, words and phrases used in the covenant must be given their commonly accepted meaning. 

Id.
 at 308 (citations omitted).  A subdivision developer is generally free to amend restrictions in covenants for the subdivision prior to the sale of lots in the subdivision, assuming the amendments do not violate public policy.  
Hill v. Trigg
, 286 S.W. 182, 183 (Tex. Comm’n App. 1926, judgm’t adopted).  However, the sale of subdivision lots triggers any amendment mechanism set forth in the dedication.  
Dyegard, 
39 S.W.3d at 313.  When the power to amend the land use restriction is reserved in the developer, the amendment of a restrictive covenant must be in the precise manner authorized by the dedicating agreement.  
Id.
  The same “precise manner” requirement should logically be required when the amendment mechanism lies other than with the developer.

In this case, the 1954 Dedication provided no mechanism whereby an owner of property in the subdivision could unilaterally alter the covenant’s restrictive use of the property.  Rather, pursuant to Paragraph nine of the 1954 Dedication, the covenants continued in place from 1954 until 1984, after which time a majority of the property owners could amend the 1954 Dedication.  Therefore, the plain and unambiguous wording of the 1954 Dedication leads to the conclusion that the attempted 1961 Amendment, utilizing an amendment method not called for in the 1954 Dedication to divide commercial-use Block 24 into both commercial and residential use, was not in the “precise manner” called for in the 1954 Dedication and, therefore, was of no force and effect.  

Brown argues that the amended restrictions are limited to Block 24 and there is no attempt to modify or change the restrictions, conditions, or limitations to the subdivision as a whole, and furthermore that the restrictions enhance the other lots by creating a residential lot between the commercial portion of Block 24 and the residential lots of the neighborhood.  Were this court to follow that reasoning, every lot owner could place restrictions on his own lot, and a uniformly planned subdivision could fall into disarray.  
See Farmer v. Thompson
, 289 S.W.2d 351, 355 (Tex. Civ. App.—Fort Worth 1956, writ ref’d n.r.e.).
  

V.  Conclusion

We sustain Lieu’s first two issues and find that the trial court erred by granting Brown’s motion for summary judgment, and by denying Lieu’s motion for summary judgment.  We reverse the judgment for Brown and render judgment that Brown take nothing.  Judgment is rendered for Lieu that the 1954 Dedication alone sets forth restrictive covenants applicable to Block 24.  Because of our disposition of these issues, we do not reach Lieu’s third issue.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED: March 11, 2004

FOOTNOTES
1:
The Brown plaintiffs obtained, by assignment, all rights of the dedicators of the 1961 Amendment.